CHARLES M. WEEKS, as Trustee under the Will of GEORGE W. WEEKS, Deceased, Appellant, *v.* JULIA FRANKEL, Respondent.

*Trust — construction of testamentary trust — temporary merger of legal and beneficial estate — exercise of power of sale.*

A trust contemplates the holding of property by one for the benefit of another, and, consequently, the same person may not at the same time be both sole trustee and sole beneficiary of the same interest.

A testator created a trust of all his real estate with power to his two trustees to sell and convey the same. The net income of the property to go to his son, who was one of the trustees, until the testator's eldest grandchild should arrive at his majority, or until the death of his son, the executor. From that time, until such eldest grandchild arrives at the age of twenty-five years, or shall die, the income is to be paid to testator's grandchildren in equal shares. Thereafter the trust terminates and the estate goes to the grandchildren. One of the trustees died leaving testator's son, who is the sole beneficiary until the eldest grandchild arrives at the age of twenty-one, sole trustee. Two grandchildren survive, neither of whom has reached majority. *Held,* that so soon as

his cotrustee died, the survivor became entitled to the sole possession as well as to the entire rents and profits, and, therefore, under the provisions of the statute his interest became a legal estate, in which his beneficial estate merged, and so continues until the same is terminated by the arrival of the eldest grandchild at the age of twenty-one years, and when that time arrives the trust estate for the benefit of the grand-children commences and continues until the trust under the provisions of the will is terminated. Hence there is nothing in the provision which makes the son a trustee for himself that is inconsistent with his acts as trustee for his own children for the period of time specified in the will, and nothing in the provisions of the trust that impairs his right to exercise the power of sale given him by the will.

*Weeks* v. *Frankel,* 128 App. Div. 223, reversed.

(Argued December 10, 1909; decided January 25, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 15, 1908, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Burlock E. Rabell* for appellant. Plaintiff could convey a good, marketable and perfect title under the terms of the contract. (*Doscher* v. *Wyckoff,* 132 App. Div. 139; *Rankine* v. *Metzger,* 69 App. Div. 264; *Green* v. *Green,* 125 N. Y. 506; *Ackerman* v. *Gorton,* 67 N. Y. 63; *Draper* v. *Montgomery,* 108 App. Div. 63; *Egbert* v. *McGuire,* 36 Misc. Rep. 245; Code Civ. Pro. § 2642.) Plaintiff, being vested with the trust estate for himself as beneficiary and for his children as beneficiaries, can convey the absolute fee in the property. (*Rankine* v. *Metzger,* 69 App. Div. 264.) Plaintiff can give good title to the property. (*Haendle* v. *Stewart,* 84 App. Div. 275; *Putnam* v. *L. S. D. Co.,* 191 N. Y. 166; *Crooke* v. *County of Kings,* 97 N. Y. 421; *Losey* v. *Stanley,* 147 N. Y. 560; *Rankine* v. *Metzger,* 69 App. Div. 264.)

*William Rosin* for respondent. The plaintiff being the sole beneficiary and sole surviving trustee under the will of

George W. Weeks, deceased, could not convey a good market-able title under the terms of the contract. (*Haendle* v. *Stewart*, 84 App. Div. 274; 82 N. Y. Supp. 823; *Rogers* v. *Rogers*, 111 N. Y. 228; *Woodward* v. *James*, 115 N. Y. 346; *Herriott* v. *Prime*, 87 Hun, 95; *Hyatt* v. *Arguero*, 14 Civ. Pro. Rep. 286.)

HAIGHT, J.   The plaintiff entered into an agreement, in writing, to sell to Louis Frankel the premises known as No. 130 Hooper street, in the borough of Brooklyn, for the consideration of $11,625, upon which contract Frankel deposited the sum of $1,000 on account of the purchase price.   Thereafter and on the day fixed by the parties, the plaintiff tendered a duly executed deed of the premises to the defendant Julia Frankel, to whom the contract had been assigned by Louis Frankel, and she refused to accept the same, on the ground that the plaintiff could not convey a good marketable title to the premises under the power of sale given in the will of George W. Weeks, deceased, for the reason that the plaintiff was the sole beneficiary of the income of the trust estate until his oldest child becomes of age and the sole surviving trustee under the will.

George W. Weeks died seized of the premises in question, leaving a will which has been duly proved and admitted to probate, which, so far as is now material, provides as follows:

"*Second.* I give, devise and bequeath all my real estate wheresoever situate to my trustees hereinafter named, or to their successors, in trust, to collect the rents, issues, profits and income thereof and after expending therefrom such amounts as may be deemed necessary by them in keeping the said premises in good order and repair and properly insured against loss and damage by fire and after the payment of all taxes, Croton Water rents, charges and assessments that may be levied thereon, to pay the remainder of such rents as and when collected to my son, Charles M. Weeks, until my oldest grandchild me surviving shall arrive at majority or until my said son shall die, whichever event shall first occur, and there-

after and until my oldest grandchild me surviving shall arrive at the age of twenty-five years, or shall die, whichever event shall first occur, to pay the remainder of such rents as and when collected to my grandchildren in equal shares, whether born before my death or at any time prior to the termination of the trust, the issue of any grandchild who may have died prior to the termination of this trust to take the share to which his or her parent would have been entitled if living. Upon the termination of this trust, I give, devise and bequeath the said real estate to my grandchildren, share and share alike, whether born before my death or at any time prior to the termination of the trust, the issue of such as may have died to take the share to which his or her parent would have been entitled if living.

"*Fifth.* In case my son, Charles M. Weeks, or his wife, or his family shall immediately upon my decease so elect, he or they shall be entitled to live in and occupy the house No. 130 Hooper Street, Borough of Brooklyn, City of New York, and shall have the use of the household furniture therein free of rent or charge.

"*Sixth.* In case no such election shall then be made and my Trustees shall deem it advisable so to do, they are hereby authorized and empowered to rent the said house furnished and to determine what proportion of the amount of the rent so received shall be considered as rent for the use of the said furniture.

"*Seventh.* I authorize and empower my executors and trustees and their successors in their full discretion to sell any or all of my real or personal property at public or private sale and upon such terms as they shall deem most advantageous and desirable, and to make, execute and deliver good and sufficient deeds and other instruments to carry such sale or sales into effect, and to invest and reinvest the proceeds thereof in such securities as they shall jointly agree upon, and I direct that the proceeds thereof shall take the place of the property sold.

"*Ninth.* I hereby nominate and appoint my son, Charles

M. Weeks, and my friend, Michael J. Collins, executors and
trustees of this my last will and testament and direct that
neither of them shall be required to give any bond or bonds
or other security as such executor or such trustee as afore-
said, whether because of non-residence or for any other
cause or reason.  In the event of the death, resignation or
refusal to serve of both of my said executors and trustees here-
inabove named, I hereby nominate and appoint The United
States Trust Company of the City of New York executor and
trustee."

Charles M. Weeks and Michael J. Collins both qualified as
executors and trustees under the will, and Collins continued
to serve as such until his death, which occurred on the 20th
day of January, 1905, thus leaving Charles M. Weeks the sole
surviving trustee.   Charles M. Weeks is a son of the testator
and has two children living, his only issue, who are Kenneth
S. Weeks, born June 23, 1892, and Charles M. Weeks, born
July 10, 1899, Kenneth being the oldest grandchild of the
testator.

No controversy arises with reference to the power given to
the executors and trustees to sell and convey the premises in
the exercise of their discretion, the sole contention being that
the plaintiff, being a beneficiary of the income under the
trust and also a sole surviving trustee under the will of his
father, cannot, as such trustee, execute the power of sale given
in the will.

Under the Real Property Law (L. 1896, ch. 547), which was
in force at the time of the testator's death, "a power may be
vested in any person capable in law of holding, but cannot be
exercised by a person not capable of transferring real prop-
erty " (§ 121).  " Where the consent of two or more persons to
the execution of a power is requisite, all must consent thereto;
but if, before its execution, one or more of them die, the consent
of the survivor or survivors is sufficient unless otherwise pre-
scribed by the terms of the power."   (§ 154.)   By referring to
the provisions of the will it will be observed that the testator,
after appointing his son and his friend Collins as executors and

trustees, further provided that in the event of the death, res-
ignation or refusal to serve of both of the persons named by
him he then appointed the United States Trust Company of
the city of New York to be such executor and trustee. This
appointment, however, only becomes effective in case both of
the persons named by the testator have died, resigned or
refused to qualify. It is, therefore, apparent that, so long as
there remains one of the trustees still living and acting, the
powers of the trust were intended to devolve upon and be
executed by him. It would thus seem to follow that the
intention of the testator is in accord with the provisions of
the statute and that there is nothing prescribed by the terms
of the will which prevents the operation of the act referred
to under which the execution of the power by the survivor is
authorized.

As we have seen, under the provisions of the statute, the
only limitation upon the capacity to take and exercise the
power is that the person shall be capable in law of holding
and transferring real property ; therefore, the testator could,
if he so chose, invest his son Charles with the power to sell
and convey the real estate upon such terms as he, in his judg-
ment, should conclude to be wise.

We do not understand that the interest of Charles, in so far
as he is empowered to sell and convey the real estate, is in
any manner in conflict with the rights and interests of his
children. The testator was fully advised as to the relation-
ship existing between them and of the interests which he
proposed to give to Charles and to his children, and still he
saw fit to vest in Charles the power to determine whether or
not a sale should be made, and we are unable to discover any
conflicting interests between Charles and his children which
would interfere with the discretion which he may exercise or
be against the interests of his children or of public policy. It
would, therefore, seem to follow that the power was valid and
could be exercised by Charles.

It is now contended that the power cannot be exercised by
Charles for the reason that he is the sole beneficiary and

trustee. As we have seen, under the second clause of the will, Charles is entitled to the use of the real estate until his oldest child becomes twenty-one years of age. Then Charles' beneficial interest ceases and thereafter, during the continuance of the trust, the income goes to the testator's grandchildren. Under the fifth clause of the will the testator has given to Charles, or his wife, or his family the right to elect whether they would live in and occupy the house upon the premises in question, and if they do so elect, that they shall have the furniture therein, with the rent, free of charge. And under the sixth clause it is provided that, in case they do not elect to occupy the house the trustees are authorized to rent the same furnished and to determine what portion of the rent received should be considered for the use of the furniture. Under this provision, the rent received for the realty would go to Charles, while the rent for the furniture, being personal property, under another trust created by the will, not herein involved, would go to the grandchildren. In case Charles should elect to occupy the premises, the effect of these provisions would be to withdraw the premises from the operation of the trust and from any jurisdiction of Collins, the co-executor and trustee over them, and operate to create an estate in Charles of the right to occupy the real estate, rent free, until his eldest child should become twenty-one years of age, but we are not advised by the facts agreed upon as to whether such an election was or was not made. Therefore, we shall consider the question upon the theory that there was no election to occupy the premises and that the only right Charles has with reference thereto is derived from the second clause of the will.

A trust contemplates the holding of property by one for the benefit of another, and, consequently, the same person may not at the same time be both sole trustee and sole beneficiary of the same interest. Under the second clause of the will referred to we find a trust created of all of the testator's real estate. He gives the net income of such property to Charles until his eldest son, the testator's grandson, shall

arrive at his majority. The effect of this is to vest in Charles the use of the real estate until the happening of that event. From that time until the eldest child becomes twenty-five years of age the rents and income from the real estate are to be collected and paid over to the testator's grandchildren in equal shares, after which the trust terminates and the real estate is divided among the grandchildren. Under section 72 of the Real Property Law it is provided that " every person, who, by virtue of any  *  *  *  devise is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest." The giving to Charles of the use of the real estate during the minority of the eldest grandchild would ordinarily vest in him a legal estate and not constitute a trust were it not for the fact that the possession of Charles in the real estate was shared by his co-trustee; but as soon as that trustee died Charles became entitled to the sole possession as well as to the entire rents and profits, and, therefore, under the provisions of the statute his interest became a legal estate, in which his beneficial estate merged and so continues until the same is terminated by the arrival of the eldest grandchild at the age of twenty-one years, and when that time arrives the trust estate for the benefit of the grandchildren commences and continues until the trust under the provisions of the will is terminated.

If we are correct in thus construing the provisions of the will it follows that there is nothing in the provision that makes Charles a trustee for himself that is inconsistent with his acts as trustee for his own children for the period of time specified in the will. He is given the use of the real estate until his eldest child becomes twenty-one years of age, then he holds the real estate in trust for his children until the eldest arrives at twenty-five years of age, at which time the trust is terminated and the real estate is divided among the children. If he is not a trustee for himself with a beneficial

interest, but is the holder of a legal estate, it would follow that there was nothing in the provisions of the trust that would impair his right to exercise the power of sale given by the will.

In the case of *Woodward* v. *James* (115 N. Y. 346) the testator died seized of an estate consisting of both real and personal property, leaving collateral heirs. By his will he gave to his widow the use of his city and country residences for life and also one-half of the income of all of his property of every kind for life. He gave to his heirs the other half of the income accruing during the life of his wife and the remainder after her death. He appointed his wife sole executrix and committed the management of the estate to her. In an action for a partition it was held that the will created a valid trust during the life of the widow, under which she, as trustee, collected the income and paid over one-half thereof to the heirs and that as to the other half a legal estate vested in her for the term of her life. In that case the widow was given the use of the testator's city and country residences and one-half of the income of all of his property. In this case Charles is given the use of the real estate until his eldest child becomes twenty-one years of age. In that case the testator gave the other one-half of the income of his estate to his heirs. In this case the testator has given the income from the real estate to his grandchildren after the eldest arrives at the age of twenty-one years. In that case the widow was given the legal estate in the income of the half, together with its management, and as to income of the other half which was given to his heirs she became a trustee and held the same for their benefit. In this case Charles is given a legal estate in the real estate for the period specified, and after that he holds the same as trustee for the benefit of the grandchildren. In that case FINCH, J., in delivering the opinion of the court, says (p. 357): "Where, however, the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains. If, then, it be granted that,

as to her half of the income, the widow was not trustee, and took what was given to her by a direct legal right, it does not follow that her trust estate in the *corpus* of the property is in any manner destroyed, or that there is any the less a necessity for its existence. She can be trustee for the heirs, and that trust ranges over the whole estate for the purpose of its management and disposition. * * * It follows, therefore, that the remedy of a partition was properly denied."

In the case of *Rankine* v. *Metzger* (69 App. Div. 264; affirmed, 174 N. Y. 540) the testatrix died leaving a husband and nine children her surviving. She gave her estate to her husband and one of her sons in trust, with a power of sale of the real estate at such times and upon such terms as to them shall seem meet, and to invest and reinvest and collect the income therefrom, and to pay the same over to her husband to be used by him for his own support and that of the children as to him may seem proper. Upon the termination of the trust it was divided equally between her children. The husband died, and after his death the power of sale was exercised by the son, the surviving trustee. It was held that the trust was valid, and that he, as the surviving trustee, had the power to execute the same although he was beneficially interested.

In the case of *Robertson* v. *de Brulatour* (188 N. Y. 301) the testator gave to three persons, including his widow, a large estate in trust, with a power of sale, and to invest and reinvest and collect the income therefrom and apply the same to the use of the widow during her natural life. One of the trustees died leaving the widow and another trustee surviving. Inasmuch as the widow was the sole beneficiary during her life the question arose as to whether she could act as trustee and as to whether she was entitled to commissions. The referee before whom the case was tried held that she could so act and was entitled to commissions. This was affirmed in the Appellate Division and in this court.

In the case of *Greene* v. *Greene* (125 N. Y. 506) the testator gave the residuum of his estate to three sons, naming

**314** WEEKS *v.* FRANKEL. [Jan.,

Opinion of the Court, per HAIGHT, J. [Vol. 197.

them, as trustees, to carry out certain provisions of his will and to manage the same for their joint benefit and at the end of six years what remained after the payment of debts and legacies was given to the trustees. It was held that the trust was invalid, not only by reason of the six years' clause, but for the reason that the trustees and the beneficiaries were the same persons, and that their beneficial interests merged in their legal estate. GRAY, J., writing for the court, says (p. 510): "The trustee and the beneficiary must be distinct personalities, or, otherwise, there could be no trust, and the merger of interests in the same person would effect a legal estate in him of the same duration as the beneficial interest designed. * * * That the legal and beneficial estates can exist and be maintained separately in the same person is an inconceivable proposition. It is quite as much of an impossibility, legally considered, as it is physically. These three sons would have the actual possession of the lands; they would be entitled to receive and retain and enjoy the rents and profits, and they and their heirs would be subjected to no change of title or possession, nor other diminution of interest than what might be produced by an application of income, or of any proceeds of sales, to the payment of legacies. The result is that they have every estate and interest in possession, in remainder and in reversion, or, in other words, the whole fee of the property."

In the case of *Rogers* v. *Rogers* (111 N. Y. 228) the testator gave his estate to his executrix and executors in trust, to invest and pay to his widow during life or until she should marry, so much of the income as might be necessary for the comfortable support of herself, the testator's mother and the maintenance and education of the testator's children. The testator associated with the widow four other persons as executors and trustees, but none of them qualified as such. The testator did not expressly authorize the testatrix and trustees to sell and convey the real estate. The income from the estate being insufficient for the support of the beneficiaries, the executrix brought an action for the construction of

the provisions of the will and for a determination as to whether she could sell any part of the property and in case of necessity apply the principal as well as the income for her support and that of the minor children. A question was raised as to whether she could act as trustee in view of the fact that she was a beneficiary. The court held that she could; but, under the circumstances, it took upon itself, so far as her discretion was concerned, to send it to a referee to ascertain and report what sum was needed for the widow and the support and education of the minors and what was the net value of the estate and its income and what part or parts could be sold or mortgaged; and upon the report of the referee the court ordered the executrix to borrow upon mortgage upon the real estate a specified sum of money, which she was directed annually to apply to the support of herself and of her minor children, and this judgment was sustained. We think this case is distinguishable from the one under review. In that case the widow applied to the court for relief. She sought to use a portion of the principal of the trust estate and no authority had been given her in the will to mortgage or sell the real estate. Under the circumstances of that case the Supreme Court undertook to assist her in the execution of the trust. No such situation is now presented.

In the case of *Rose* v. *Hatch* (125 N. Y. 427) the testatrix, by the second clause of her will, gave all of her estate, both real and personal, to her husband, Asa Lyon Hatch, in trust, for his benefit during life, together with a power of sale. Judge EARL, in delivering the opinion of the court, says (p. 431): " By the second clause of the will there was an attempt to make Asa L. Hatch trustee for his own benefit during his life. Such a trust cannot be created. To constitute a valid trust three things are necessary, viz.: A trustee, another person, the beneficiary, and property, and without each of the three a trust cannot exist. Asa L. Hatch was, however, entitled to the possession of the land and also to the rents and profits thereof, and hence, under section 47 (1 R. S. 728) it is clear that he took a legal estate in the land for life." (p. 433.) " But

the important inquiry remains: was there a valid power of sale? That was given in the broadest and most general language. It was absolutely unrestricted. He could sell the real estate at private or public sale, at such time and in such manner, and upon such terms as he chose. It cannot be said that the purpose of the power failed, because the will gave him, upon our construction, a life estate, with the power to use the income of the property, and a portion of the principal, if needed. And for the purpose of making the property more valuable to him, or its management easier, or of promoting in any way his interest as a life tenant, he could execute the power of sale." This case, to our minds, disposes of the case under consideration.

We, therefore, are of the opinion that the judgment of the Appellate Division should be reversed and judgment ordered for the plaintiff upon the submitted controversy, with costs in both courts.

GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CULLEN, Ch. J., absent.

Judgment accordingly.