Fuld, J.
Edward L’E Phipps died in December of 1947. In his will, he made a number of bequests, created a trust of certain real property in the City of Mount Vernon and left his residuary estate to his wife Coralie. More specifically, by Paragraph Fourteenth, he gave and devised to his “ Executors and (or) Trustees hereinafter named, in trust,” the Mount Vernon property “ to keep and manage * * * and to receive the rents * * * therefrom, and * * * to pay the net income thereof to the use ” of his wife for life; upon her death, the trustees were directed to pay such income to his brothers, William and Francis, “ for and during the life ” of William and, on his demise, to convey the corpus of the trust to Francis and his issue in fee, unless Francis, leaving no issue surviving, predeceased Coralie, in which event the trustees were to transfer the corpus to her. In Paragraph Sixteenth, the testator constituted his wife and a friend, Robert Brooks, executors and trustees, explicitly declaring that he was giving and granting to them ‘ ‘ or those who may he acting for the time being or their successor or successors ” power and authority “ to sell, mortgage or lease ” his real property “ in any manner as he, she or they, in their discretion, shall deem for the best interests ” of his estate.
William, whose life measured the secondary trust, predeceased the testator and, on probate of the latter’s will, his wife Coralie, appellant herein, and his friend Robert Brooks qualified as *108 executors and administered the estate; they did not, however, seek to qualify as trustees and no letters of trusteeship were issued. Brooks died in 1951, and the widow continued to administer the estate alone until August, 1954, when the testator’s brother Francis petitioned the Surrogate’s Court to be named as successor trustee to Brooks. The widow opposed the application on the ground that it was made “ primarily for the purpose of harassment.”
The surrogate held that the will by its terms contemplated the continuance of the trust and the appointment of a successor trustee if death removed one or both of those designated. However, taking cognizance of the lack of harmony between the testator’s wife and her brother-in-law, he appointed the National Bank of Westchester as cotrustee, and, upon reargument, adhered to that determination. The Appellate Division affirmed by a divided court; it was the view of the dissenters, as it is of appellant on this appeal, that, when the widow became sole trustee as well as sole beneficiary, a merger of her legal and equitable life estate was effected, with the consequence that no trust remained as to which a successor trustee could be appointed.
A trust, of course, ‘ ‘ contemplates the holding of property by one for the benefit of another and, consequently, the same person may not at the same time be both sole trustee and sole beneficiary of the same interest.” (Weeks v. Frankel, 197 N. Y. 304, 310; see, also, Matter of Reed v. Browne, 295 N. Y. 184, 189; Rose v. Hatch, 125 N. Y. 427, 431-432; Matter of Farrell, 133 App. Div. 97, 99, affd. 198 N. Y. 579; 1 Bogert on Trusts and Trustees [1951 ed.], § 129, pp. 549-550; 1 Restatement, Trusts, §§ 99, 115.) While, therefore, the trustee and the beneficiary “ must be distinct personalities,” and while “ the merger of interests in the same person would effect a legal estate in him,- of the same duration as the beneficial interest designed ” (Greene v. Greene, 125 N. Y. 506, 510; see Real Property Law, § 92), this does not mean that a merger necessarily occurs if one of two trustees dies leaving the sole beneficiary as the only trustee. The doctrine of merger is not to be applied “ with rigidity ” (1 Bogert, op. cit., p. 549), and, where it appears to have been the intention of the settlor or testator, perhaps for the protection of the remaindermen, that the trust continue or that a successor trustee be appointed, the *109 courts will act to prevent the extinguishment and termination of the trust. (See, e.g., Matter of Stevens, 307 N. Y. 742; Rankine v. Metzger, 174 N. Y. 540, affg. 69 App. Div. 264, 269; Losey v. Stanley, 147 N. Y. 560, 568-569; Rogers v. Rogers, 111 N. Y. 228, 237; Matter of Kimber, 261 App. Div. 901, affg. 172 Misc. 991.)
Such is the case before us. The testator contemplated a successor trustee; in so many words, he authorized his trustees “ or their successor or successors ” to sell, mortgage or lease his real property “ in any manner as he, she or they, in their discretion,” might consider best for the estate. The reference to a “ successor ” reflects the testator’s understanding that the death or removal of one of the trustees named by him, whether it be his friend or his wife, was not to operate as an extinguishment of the trust or affect its duration. And, contrary to the appellant’s finespun theory, the use of the pronouns, ‘ ‘ he, she or they, ’ ’ does not reveal the thought or design that there was to be a successor trustee only if the secondary trust, in favor of the testator’s brothers, came into being upon his wife’s death. No such intention is expressed and, certainly, no such restriction is suggested by the grant of a power of sale to the “ successor or successors ” of the trustees generally. Reasonably read, the provision indicates the testator’s belief that there would be a “ successor ” at any time one of the original trustees died.
There are a number of cases — and we have already adverted to some of them (see, e.g., Matter of Reed v. Browne, supra, 295 N. Y. 184; Weeks v. Frankel, supra, 197 N. Y. 304, 310; Matter of Farrell, supra, 198 N. Y. 579, affg. 133 App. Div. 97; Greene v. Greene, supra, 125 N. Y. 506, 510; Rose v. Hatch, supra, 125 N. Y. 427; Woodward v. James, 115 N. Y. 346) —in which the merger doctrine was applied, but they are clearly distinguishable from the case now before us. In no one of them did the will demonstrate an intention that the trust continue after the death of the sole beneficiary’s cotrustee, and in no one of them was the court called upon or authorized to designate another trustee so as to avoid a merger of the equitable into the legal estate. (Cf. Matter of Reed v. Browne, supra, 295 N. Y. 184, 187, and Weeks v. Frankel, supra, 197 N. Y. 304, 308, wherein designation of a successor trustee was provided for only upon the death or resignation of “both” trustees.) Here, however, *110 as we have demonstrated, the testator envisioned the existence of more than one trustee at all times. Accordingly, the surrogate very properly exercised the power, vested in him by statute (Surrogate’s Ct. Act, § 168), to appoint a second and successor trustee.
The order of the Appellate Division should be affirmed, without costs.
Conway, Ch. J., Desmond, Dye, Froessel, Yan Yoorhis and Burke, JJ., concur.
Order affirmed.