John D. Bennett, S.
In this accounting proceeding, the petitioner requests a construction of the will to determine whether he has authority to apportion stock dividends to principal or income.
The decedent’s will in paragraph “ Eighth ” of the codicil provides in part: “ Without limiting the generality of the foregoing, I hereby authorize my Trustee to invest and reinvest from time to time, in his discretion, any funds which may come into the hands of such Trustee, it being my express will and direction that such Trustee shall not be limited to the class or classes of investments now or hereafter authorized by law for the investment of trust funds, and also, in his discretion, to treat as principal any or all stock dividends received by such Trustee ”.
The decedent’s widow has appeared in this proceeding and contends that the decedent has provided in his will that stock dividends should be disposed of otherwise than as provided in section 17-a of the New York Personal Property. Law. The special guardian for contingent remaindermen of the trust for the benefit of the widow, however, argues that since the intention of the testator is not clearly expressed, the trustee does not have the right to treat stock dividends as income. Section 17-a of the Personal Property Law, insofar as relevant, provides:
“ Unless otherwise provided in a will, deed or other instrument, which shall hereafter be executed and shall create or declare a trust, any dividend which shall be payable in the stock of the corporation or association declaring or authorizing siich dividend and which shall be declared or authorized hereafter in respect of any stock of such corporation composing, in whole or in part, the principal of such trust, shall be principal and not income of such trust.”
*527 The guide to be followed in constructions of this type is set forth in Matter of Heinrich (195 Misc. 803, 808): “ The usual rule that the testator’s intention controls, if revealed, applies in determining these allocation and apportionment problems. (Matter of Lloyd, 292 N. Y. 280, 285; Equitable Trust Co. v. Prentice, 250 N. Y. 1, 8.) That intention is to be ascertained from the circumstances surrounding the testator at the time of the execution of the will and from what is found within the four corners of the will, including the general plan and scheme thereof [citing cases].” (See, also, note, 42 Corn. L. Q. 595, 601.)
The position of the special guardian is that the only manifestation of the testator’s intent are the words “ and also, in his discretion, to treat as principal any or all stock dividends received by such Trustee ’ ’ and that these words are necessarily ambiguous for the reason that, regardless of that provision, under the statute stock dividends must be apportioned to principal. The widow, however, states that this clause, since it gives discretion to the trustee to apply stock dividends to principal, implicitly grants such discretion to the trustee to apply stock dividends to income also. While the court is not in full agreement that such clause necessarily implies the converse, that is, that stock dividends in the trustee’s discretion may be apportioned to income, it is clear from the will taken in its entirety that the purpose of the testator was primarily to benefit his wife, the life beneficiary, and to give to his trustee the widest possible discretion.
In paragraph “ Fifth” of the codicil the trustee was given power to invade the principal of the trust in the following language: Provided, however, that at any time or times during the lifetime of my wife, if in the judgment of my Trustee it shall seem necessary or expedient that a portion or portions of the principal of the trust should be paid over to my wife for her maintenance and support, or any of the assets of the trust sold and their proceeds applied to such purpose, or any of the assets of the trust directly applied to such purpose, then and in every such case I authorize my Trustee to make such payment or payments, application or applications, for such purpose in the absolute discretion of my Trustee.”
In paragraph “ Eighth ” of the codicil, both executor and trustee were given the widest possible discretion as follows: ‘ ‘ and in general to do and perform all acts which seem to either of them, whether as Executor or Trustee, suitable for the proper management of my estate, it being my intention and direction that both my Executor and my Trustee should have *528 the widest possible power, authority and discretion in relation thereto.”
The language in Matter of Liebmann (131 N. Y. S. 2d 144, 148) is particularly appropriate to the facts here: ‘ ‘ The language of section 17-a is ‘ unless otherwise provided ’ and does not read ‘ unless otherwise expressly provided. ’ The legislature did not so declare in express terms and it is not at all clear that such was its intent. It is obvious from the language of the will that the wife of the testator, David Liebmann, was his immediate concern and the primal object of his bounty. He had no children and his nearest next of kin are the nephews and nieces who are named as remaindermen of the trust.”
It is the opinion of this court, and it so holds, that the provisions of the will permit the trustee to exercise his discretion in a proper case so as to allocate stock dividends either to principal or income.
The trustee’s request for the appointment of a co trustee is denied. Fairly construed, paragraph “ Seventh ” of the will provides for the appointment of a successor in the event of death, resignation or incapacity to act, and not the appointment of a co trustee (see Weeks v. Frankel, 197 N. Y. 304).
The account wall be settled as filed.
Settle decree on five days’ notice.