■ In the Matter of the Estate of GEORGE P. LEZOTTE, Deceased. GEORGE M. LEZOTTE, Appellant; JOAN M. LEZOTTE, Respondent. — Levine, J. Appeal from a decree of the Surrogate's Court of Rensselaer County (Travers, S.), entered October 28, 1982, which ruled that the sixth paragraph of decedent's will was unambiguous and that decedent had therein devised the property described to respondent.

The sole issue raised on this appeal is the meaning of the sixth paragraph of the will of petitioner's late father. It states: "SIXTH: I give, devise and bequeath unto my oldest daughter, JOAN M. LEZOTTE, who resides with me and my son, GEORGE M. LEZOTTE, all of my real property and premises known as and by Street No. 667 Pawling Avenue, Troy, New York, together with the furnishings and household equipment, and any automobile which I may own, to be hers absolutely." It is petitioner's contention that the terms of this paragraph are ambiguous, and that, accordingly, he should have been permitted to submit extrinsic evidence before Surrogate's Court showing that it was decedent's intent in this paragraph to leave the property in question not just to petitioner's sister Joan, respondent in this proceeding, but to both petitioner and Joan as tenants in common. It was, however, the opinion of the Surrogate that the disputed paragraph contained no ambiguity. The Surrogate accordingly decreed, without receiving extrinsic evidence or oral testimony, that it was the testator's intent, as expressed in the language of the will, to devise the property in question to respondent alone. We agree.

Where the language of a will clearly and unambiguously expresses the intent of the testator, extrinsic evidence will not

be admissible to vary or contradict its terms (*Matter of Cord,* 58 NY2d 539, 544). The courts will not create a new will to carry out some supposed but unexpressed purpose, but will instead implement the testator's intent as he has manifested it in the language of the will (*Matter of Jones,* 38 NY2d 189, 193; 64 NY Jur, Wills, § 558, at 632 [1969]). An examination of the contested paragraph here discloses that the testator's intent to leave the entire property described therein to respondent was clearly set forth. Whatever ambiguity might arguably be said to exist in the first part of the paragraph, concerning whether the devise was made to respondent alone or to both respondent and petitioner, is completely dispelled by the last phrase of the paragraph which provides that the property is "to be hers absolutely". Given the plain import of these words, decedent's intent to leave the property exclusively to respondent is clear, and the Surrogate was correct in so ruling without resort to a further evidentiary proceeding.

Decree affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.