OPINION OF THE COURT
Renee R. Roth, S.
The issue in this proceeding is whether testator’s residuary *1047 disposition, which makes a direct skip to his grandchildren, presently qualifies, or can be qualified by reformation for the $2,000,000 grandchild (Gallo) exclusion from generation-skipping transfer (GST) tax.
Testator, Nathaniel Spear, Jr., died on January 5, 1988 léaving a will dated June 22, 1987. Thus, Mr. Spear’s will was executed and his death occurred after the enactment of the Tax Reform Act of 1986 (Pub L 99-514) (TRA 1986). That statute retroactively repealed the old GST tax and enacted a new GST tax. Among the provisions of the new GST tax was the so-called "Gallo amendment” (§ 1433 [b] [3] of TRA 1986) which allows $2,000,000 exclusion for certain transfers to each grandchild made before January 1, 1990. The exclusion expired on that day.
Mr. Spear was survived by a son and three grandchildren (the son’s issue). Because the son was "amply provided for by his grandparents”, Mr. Spear, after making substantial preresiduary gifts to his three grandchildren, created two residuary trusts for the income benefit of his grandsons Jeremy and Jonathan. Principal is payable to each at various ages with final distribution at age 50 when each trust terminates. In the event a beneficiary dies before age 50, the undistributed principal of his trust is to be paid to his issue, and, if none, to his brother if living, or to his brother’s issue. Jeremy and Jonathan are both in their twenties. Neither has issue. Since principal may be payable to "unborns”, a guardian ad litem was appointed to represent such contingent beneficiaries.
It is clear that under his testamentary scheme, Mr. Spear intended that the preresiduary bequests qualify for the Gallo exclusion and that the trusts qualify for the $1,000,000 generation-skipping tax exemption making his estate exempt from the new GST tax. However, this estate plan was upset by two events. The first was the unanticipated death of testator’s younger brother James, who predeceased by three weeks leaving a bequest which increased the residuary estate of the terminally ill Mr. Spear by more than $1 million. The second was the enactment of the 1988 Technical and Miscellaneous Revenue Act (Pub L 100-647) (TAMRA). When Mr. Spear’s will was executed (in 1987), there was uncertainty as to whether a direct skip in trust qualified for the Gallo exclusion. TAMRA § 1014 (h) (3) (A) clarified (retroactively) this ambiguity by providing:
" '[A] transfer in trust for the benefit of a grandchild shall *1048 be treated as a transfer to such grandchild if (and only if) * * *
" '(ii) the assets of the trust will be includible in the gross estate of the grandchild if the grandchild dies before the trust is terminated’ ” (emphasis added).
The question raised by the above-emphasized requirement is whether the principal of their residuary trusts will be taxable in their estates if Jeremy and Jonathan die before age 50 when under the terms of Mr. Spear’s will, each trust will terminate. Such trusts would be includible in their estates under two circumstances. The precise issues thus are whether the grandchildren’s interests in the trust corpus are vested if they die before the trust terminates or whether under section 2041 (b) (1) of the Internal Revenue Code (26 USC § 2041 [b] [1]) the grandchildren have a general power of appointment, whether exercised or not.
The executors of Mr. Spear’s will assert that both grandchildren, as cotrustees of the two trusts, have a de facto power of appointment insofar as Article XIII of Mr. Spear’s will gives each cotrustee the absolute discretion to invade the corpus of the other’s trust to the extent of exhausting it. In effect, petitioners contend that although under the will and the governing statute (EPTL 10-10.1) neither grandson, as co-trustee, may invade the trust corpus for his own benefit, nevertheless, the reciprocal invasion power invites a trade and is, consequently, tantamount to having a general power of appointment.
Although the court concurs that these reciprocal powers are the equivalent of a general power of appointment, there is another basis for determining that the grandsons’ interests satisfy the requirements of the Gallo amendment. As a general rule, except in a case of abuse or unreasonable judgment (Restatement [Second] of Trusts § 187, comment e; Matter of Stillman, 107 Misc 2d 102), our courts do not interfere in a fiduciary’s exercise of discretionary powers. However, a trend has recently developed to provide direction where tax decisions must be made and there is a conflict of interest (see, Matter of Rappaport, 121 Misc 2d 447, 450; Matter of Fales, 106 Misc 2d 419, 422). This is such a case because of the trustees’ absolute power to invade principal for the benefit of each other.
Accordingly, the court directs that, as of Mr. Spear’s death, the trustees, in order to avoid the loss of the Gallo exclusion, *1049 were required to exercise that power and thereby vest the trusts in themselves. The court further directs that pursuant to the terms of Mr. Spear’s will, the funds shall continue to be held in trust subject to an express general power of appointment in each beneficiary, in the event of his death before reaching age 50 (EPTL 11-1.1 [c]).
The guardian ad litem concurs. Although this construction decreases the possibility that trust principal will pass to the unborn issue, that possibility is already remote because of the life expectancies of Jeremy and Jonathan and their power to terminate the trusts. However, the unborns stand to benefit ultimately since this construction may reduce estate taxes and increase the size of the estate they are likely to inherit from their fathers.
It is noted that this ruling does not alter, in any way, testator’s dispositive plan. On the contrary, it simply effectuates Mr. Spear’s intention that the residuary dispositions in trust for his grandsons be exempted from GST tax (Matter of Choate, 141 Misc 2d 489; Matter of Lewis, 144 Misc 2d 618; Matter of Khadad, 135 Misc 2d 67; Matter of Gordon, 134 Misc 2d 247; Matter of Lepore, 128 Misc 2d 250; Matter of Rappaport, supra; Matter of Kander, 115 Misc 2d 386; Matter of Stalp, 79 Misc 2d 412; Matter of Olson, 77 Misc 2d 515).