■ In the Matter of the Estate of CLINTON C. PHILBROOK, Deceased. DOROTHY LENT, as Administratrix of the Estate of MILDRED PHILBROOK, Deceased, Respondent; ROBERT L. TRAVER, as Coexecutor of the Estate of CLINTON C. PHILBROOK, Deceased, Appellant. [615 NYS2d 516] —Weiss, J. Appeal from an order of the Surrogate's Court of Fulton County (Lomanto, S.), entered November 22, 1993, which granted petitioner's application to compel an accounting by respondent.

The last will and testament of Clinton C. Philbrook (hereinafter decedent) provided: "I do hereby give * * * all of my property and estate * * * unto my wife, Mildred Philbrook, if she survives me; but if my said wife, Mildred Philbrook, shall predecease me or die simultaneously with me in or as the result of a common accident or disaster, then and in either of said events I do hereby give * * * my said property * * * unto Robert Traver [respondent] and Emma Traver". Decedent died September 19, 1989 from injuries sustained in a September 15, 1989 motor vehicle accident. His wife, Mildred Philbrook (hereinafter Mildred), died October 8, 1989 as the result of injuries she sustained in the same accident. Decedent's will was admitted to probate and respondent and his wife, Emma Traver, qualified as coexecutors. Petitioner, the administratrix of Mildred's estate, commenced this proceeding alleging that Mildred was the sole beneficiary of decedent's estate and

seeking an order compelling respondent to file an accounting with respect to decedent's estate. Surrogate's Court held that petitioner had standing to bring the proceeding and that decedent's entire estate passed to and vested in Mildred. Respondent has appealed.

In our affirmance we reject, as did Surrogate's Court, respondent's argument that decedent intended that respondent and his wife inherit if any one of three events occurred, i.e., Mildred predeceased decedent, decedent and Mildred died simultaneously, or Mildred died after decedent as the result of injuries she sustained at the same time as decedent in a single accident or disaster.

Decedent unequivocally, in plain, simple terms, first gave the entirety of his estate to Mildred. The same sentence, quoted in relevant part above, then continues to state decedent's intention in the event his wife predeceased him, or if both died simultaneously in a single accident or disaster. Respondent contends that it was decedent's intention to give the entire estate to him and his wife if Mildred died *at any time subsequent* to his death *if her death was the result of injuries she sustained in the common accident*. We cannot accept this interpretation. " 'The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole' " *(Matter of Sprinchorn,* 151 AD2d 27, 29, quoting *Matter of Thall,* 18 NY2d 186, 192; *see, Matter of Ellsworth,* 189 AD2d 977, 979; *Matter of Hastings,* 184 AD2d 849, 850; *Matter of Merrill,* 171 AD2d 978, 979; *Matter of McNab,* 163 AD2d 790, 791). We find that decedent's intent to give his estate to Mildred if she survived him was clearly expressed without the requirement that she live a specific period of time after his death.

We reject respondent's contention that Surrogate's Court erred in construing the word "either" to refer to only the event of Mildred's death before decedent or their simultaneous death in a common accident, rather than inclusive of her death (at any time) from injuries sustained in the same accident as caused decedent's death.

We similarly find respondent's remaining arguments to be without merit and decline the invitation to "create a new will to carry out some supposed but unexpressed purpose" *(Matter of Lezotte,* 108 AD2d 1052, 1053), and instead implement decedent's intent as we find it to be expressed in the language

of his will *(see, Matter of Jones,* 38 NY2d 189, 193; 39 NY Jur 2d, Decedents' Estates, § 775, at 289-290).

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.