OPINION OF THE COURT
Renee R. Roth, S.
At issue is whether this application by the sole trustee and income beneficiary of a testamentary trust, established under a will admitted to probate on May 29, 1997, is governed by the recent legislation affecting this State’s "merger doctrine” (L 1997, ch 139, § 2, amending EPTL 7-1.1). At common law, such doctrine basically provided that no trust in New York (whether testamentary or inter vivos) could exist where the sole present income beneficiary was, or became, the sole trustee (Matter of Reed v Browne, 295 NY 184). An outgrowth of the Statute of Uses, and thus deeply embedded in the history of trusts, the merger doctrine was codified in 1896 as Real Property Law § 92, which became EPTL 7-1.1 (L 1966, ch 952), and applied with equal force to all types of trusts. The harsh effect of the merger doctrine, however, could be avoided by the appointment of an additional trustee (Matter of Phipps, 2 NY2d 105). In 1997, adding six new sections to the Estates, Powers and Trusts Law and amending four others in an omnibus enactment (L 1997, ch 139, §§ 1-7) entitled "an act to amend the estates, powers and trusts law in relation to lifetime trusts” (emphasis supplied [the Act]), the Legislature (L 1997, ch 139, § 2) replaced the original provisions of EPTL 7-1.1 with the following: "A trust is not merged or invalid because a person, including but not limited to the creator of the trust, is or may become the sole trustee and the sole holder of the present beneficial interest therein, provided that one or more other persons hold a beneficial interest therein”.
In the instant proceeding in the estate of Lynn Hertzel, testatrix established a credit shelter trust for the income benefit of her husband, with remainder on his death to their two daughters. Because the husband is also the sole nominated trustee, this application was made seeking the appointment of one of the daughters as cotrustee. Such relief is unnecessary if the above-quoted new EPTL 7-1.1 applies to all trusts (whether testamentary or lifetime and whether created before or after June 25, 1997, the effective date of the amendment).
Two questions must be answered: (1) Does the Act apply to testamentary trusts? (2) If it does, as of what date?
The answer to each question depends upon legislative intent, which must be determined from the language of the enactment *499 and from an understanding of the problem that the Legislature thereby proposed to redress.
It is observed, at the outset, that similar legislation had passed the State Assembly in 1993 as "an act to amend the estates, powers and trusts law, in relation to validity of trusts when the same person is trustee and beneficiary” (1993 NY Assembly Bill A 8158; emphasis supplied). As approved by the Assembly, the legislation would have been effective "immediately” (id., § 2) and would have applied to all "trusts whether created before or after the effective date” (ibid.). In other words, when legislators had focused specifically on the merger issue, in 1993, they had found no reason to preserve the merger doctrine for purposes of some trusts, while eliminating it for purposes of others.
The Act addressed for the most part issues that were relevant solely to "lifetime trusts”. Indeed, the Act introduced the term "lifetime trust” to the EPTL by adding to the statute a definitional section 1-2.20 (L 1997, ch 139, § 1). But, while taking pains to add such definition to the statutory terminology, and while using it repeatedly in the Act’s substantive amendments and additions to the EPTL (see, L 1997, ch 139, §§ 3-7), the Legislature nevertheless chose not to use the term specifically in the newly amended EPTL 7-1.1 but rather, like its predecessor, the new EPTL 7-1.1 refers genetically to "trusts”.
The title of the Act (as noted above) reflected the Legislature’s primary attention to matters that were specific to "lifetime” trusts. On the other hand, the title failed to reflect the Legislature’s additional attention to the merger problem, an issue that was by no means peculiar to such trusts. That failure cannot be determinative of the scope of the Act. The title to an enactment is technically not a part of the legislation it proposes to describe, and it cannot serve to alter or limit the ambit of the enactment itself (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 123).
By its amendment of EPTL 7-1.1, the Legislature brought New York in line with the vast majority of States that have rejected the merger doctrine. In eliminating the doctrine, the Legislature also eliminated the drain on judicial and trust resources previously required in order to circumvent the doctrine through the appointment of additional trustees. As noted earlier, there is nothing in the language of the new EPTL 7-1.1, or in the nature of its subject matter, to suggest that the Legislature intended to achieve such benefit for some types of trusts, but not for others. The conclusion is, rather, that the *500 new law was intended to apply to testamentary and lifetime trusts alike.
The question remains whether the Legislature intended to make its new nonmerger law applicable to existing trusts or only to trusts postdating the enactment. The issue arises in light of section 7 of the Act, which provides that it ”appl[ies] to lifetime trusts created on or after [the effective] date”. Although such language might in the abstract be read to exclude existing trusts from the effect of the new EPTL 7-1.1, a fuller analysis points to a contrary conclusion. First, section 7 provides, at its outset, that the Act (excepting certain of its sections unrelated to the merger issue) "is effective] immediately”, suggesting that the Act is to operate upon existing trust entities, as well as upon such future entities. In that light, the expressed limit on the Act’s application to lifetime trusts may be construed to arise only in relation to sections of the Act that are applicable to lifetime trusts alone. As discussed above, section 2 of the Act, amending EPTL 7-1.1, is not among those sections. Such distinction would make sense, since, unlike the new rules concerning only lifetime trusts (governing, e.g., the mode of executing or funding such trusts), the new nonmerger rule could not, as a practical matter, take the creators of existing trusts at an unfair surprise. Even under the prior EPTL 7-1.1, the creator of an existing trust knew that merger was avoidable (by judicial remedy), unless the trust instrument clearly evidenced the creator’s intent that merger occur (see, e.g., Matter of Phipps, supra). As under the old law, nothing under the new statute would appear to prevent a merger if a trust’s creator clearly would have intended it to occur. Thus, as the 1993 Assembly Bill had recognized, there was no element of unfairness, much less constitutional impediment, in abolishing the State’s merger rule for purposes of all trusts. A commonsense reading of the Act thus leads to the conclusion that the Legislature intended the new EPTL 7-1.1 to accomplish its reform for every trust, since its application to all could not result in harm to any.
Accordingly, this decision constitutes the order of the court dismissing the petition as unnecessary.