■ In the Matter of the Estate of SENAH K. WICKWIRE, Deceased. JUDITH M. KEKIC et al., Appellants; MARINE MIDLAND

BANK, as Trustee of the Estate of SENAH K. WICKWIRE, Deceased, Respondent. [705 NYS2d 102] —Spain, J. Appeals (1) from an order of the Surrogate's Court of Cortland County (Avery, Jr., J.), entered November 23, 1998, which, *inter alia,* denied petitioners' application to be appointed as successor trustees of their respective testamentary trusts, and (2) from an order of said court, entered July 7, 1999, which denied petitioners' motion for renewal.

This appeal concerns petitioners' efforts to be appointed successor trustees of their own trusts in lieu of the trustee expressly designated in the subject will, Marine Midland Bank Trust Company of Central New York.* Petitioners' sister, Senah K. Wickwire (hereinafter decedent), died in 1973 leaving a will which divided a portion of her estate into three separate trusts, one for each of her sisters. The third sister died in 1987 and her trust thereafter terminated. Decedent's will designated her father, Chester Wickwire, as trustee of these trusts, and thereafter provided as follows: "In the event that my father is unable to serve, I then nominate, constitute and appoint as *substitute Trustee,* The Marine Midland Trust Company of Central New York" (emphasis supplied).

After the father died in 1997, petitioners filed petitions with Surrogate's Court requesting that each be appointed sole successor trustee of their respective trusts in lieu of respondent, and respondent cross-petitioned for appointment as successor trustee. Finding that decedent had by her will unambiguously designated respondent to act as trustee in the event her father could not do so, Surrogate's Court granted respondent's cross petition and denied petitioners' petitions. Surrogate's Court thereafter denied petitioners' motion for reconsideration premised upon newly discovered evidence consisting of the affidavit of the attorney who drafted the subject will. On petitioners' appeal from both orders, we affirm.

We agree with the conclusion reached by Surrogate's Court that since decedent unambiguously designated respondent to act as successor trustee in the event her father is "unable to serve" for any reason—whether due to his death, declination of service or otherwise—and there is no question of respondent's qualifications to so act, there is no basis to disregard the express terms of the will and designate petitioners as the sole trustees of their respective trusts (*see,* SCPA 1502 [1], [2]; *see also, Matter of Jones,* 38 NY2d 189, 193; *Matter of Philbrook,*

---

* Respondent, Marine Midland Bank (now known as HSBC Bank USA), is the successor in interest to the designated substitute trustee. They will collectively be referred to as respondent.

207 AD2d 603). Petitioners' various contentions on these appeals largely rest upon evidence extrinsic to the subject will as to what decedent would have done or intended to do. Extrinsic evidence is inadmissible to vary the terms of a will where, as here, the intent of the decedent is unambiguously expressed in the language of the will (*see, Matter of Lezotte*, 108 AD2d 1052; *see also, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *Matter of Jones, supra*, at 193; *Matter of Pozarny*, 177 Misc 2d 752, 757-758; *cf., Matter of Martin*, 146 Misc 2d 144, 147).

Like Surrogate's Court, we are wholly unpersuaded that the use of the term "substitute trustee" rather than "successor trustee" in the will reflects decedent's intent that respondent was to act as trustee only in the event of her father's inability to act during his lifetime but that, in the event of his death, she intended to leave no trustee designation. Although the terms are not defined in the SCPA (*see*, SCPA 103), they are used interchangeably (*see*, SCPA 1403; 1502). Moreover, decedent's use of this terminology did not create an ambiguity in the will's intent, or establish petitioners' entitlement to be trustees (*see*, SCPA 1502).

Equally unavailing is petitioners' contention that EPTL 7-1.1, which repealed the merger doctrine, allows or compels their appointments as sole trustees of their respective trusts. While that 1997 amendment to EPTL 7-1.1 (L 1997, ch 139) may apply to existing trusts (*see, Matter of Hertzel*, 174 Misc 2d 497; *cf., Matter of Pozarny, supra*, at 759-760), it simply has no bearing on the question herein of who should be appointed the successor trustee of these trusts. That is, the merger doctrine essentially operated to extinguish trusts where the sole present income beneficiary was or became the sole trustee (*see, Matter of Hertzel, supra*, at 498; *see also, Matter of Pozarny, supra*, at 759-760; EPTL former 7-1.1, as added by L 1966, ch 952; *Reed v Browne*, 295 NY 184) unless an additional trustee were named (*see, Matter of Phipps*, 2 NY2d 105). When the Legislature repealed the merger doctrine in 1997 by amending EPTL 7-1.1, it merely provided that a trust is "not merged or invalid" merely because a person is or may become both the sole trustee and the sole present beneficiary, provided at least one other person also holds a beneficial interest in some form in that trust (EPTL 7-1.1, as amended by L 1997, ch 139).

However, decedent did not, in fact, designate petitioners as both sole beneficiaries and sole trustees—they are only beneficiaries and were never designated as trustees. Thus, neither the former version of EPTL 7-1.1 nor the 1997 amendments thereto has any bearing on the issue of who should be ap-

pointed successor trustee, and neither supports petitioners' claim that they are entitled to be so appointed. Petitioners' reliance on EPTL 7-1.1 is premised on their speculative supposition that decedent would have designated them—rather than respondent—as successor trustees of their own trusts had the merger doctrine been repealed at the time she created her will. The primary flaw in petitioners' contention is that neither EPTL 7-1.1 nor *Matter of Hertzel* (*supra*) support the proposition that Surrogate's Court can or should override the express designation of successor trustees and appoint the trust beneficiaries to be the trustees of their own trusts. Further, a plain reading of the language employed in the will does not support this interpretation of decedent's intent, or create an ambiguity in this regard (*see, Matter of Lezotte*, 108 AD2d 1052, *supra*; *see also, Matter of Philbrook*, 207 AD2d 603, *supra*). Indeed, we observe that had decedent desired to appoint her sisters as successor trustees without triggering the merger doctrine, she could have, among other things, appointed them as cotrustees of the trusts or named each of them as trustees of their own trusts along with an additional trustee (*see, Matter of Phipps*, 2 NY2d 105, *supra*).

Moreover, Surrogate's Court correctly rejected petitioners' request to reform the will by naming them as trustees of their own trusts in order to avoid paying respondent trustee commissions, as doing so would be contrary to the clear intent decedent manifested in her will, to designate respondent to act as the sole successor trustee (*see, Matter of Campbell*, 171 Misc 2d 892, 896; *Matter of Choate*, 141 Misc 2d 489, 494-495; *see also, Matter of Hughes*, 220 AD2d 418; *Matter of Martin*, 146 Misc 2d 144, 147, *supra*; *cf., Matter of Kaskel*, 146 Misc 2d 278; *Matter of Spear*, 146 Misc 2d 1046; *Matter of Nossiter*, 146 Misc 2d 879; *Matter of Lewis*, 144 Misc 2d 618). To support the requested reformation, petitioners again urged Surrogate's Court to admit extrinsic evidence that decedent would have appointed them as sole trustees if she had not been constrained by the merger doctrine at the time the will was drafted. However, extrinsic evidence may not be used in this fashion to create an ambiguity in a will where none exits (*see, Matter of Lezotte, supra*; *see also, Matter of Pozarny, supra*, at 757-758; *cf., Matter of Martin, supra*, at 147). Since reformation of the will is not necessary to effectuate decedent's expressed intent, it would be inappropriate and was properly denied (*see, Matter of Philbrook, supra*, at 604-605; *Matter of Pozarny, supra*).

Finally, by failing to address the order of Surrogate's Court denying their reconsideration motion, petitioners have aban-

doned any issues related to that order (*see, First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901). In any event, the denial of the motion to reargue is not appealable as of right (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651; *see also, Besicorp Group v Enowitz*, 268 AD2d 846) and the motion to renew to introduce extrinsic evidence of decedent's intent was properly denied in the absence of any ambiguity in the will on this issue (*see,* CPLR 2221 [e]; *Matter of Lezotte, supra*).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.