In the Matter of the Will of AMANDA F. BUTTNER, Deceased.

HENRY O. BUTTNER, Appellant; WILLIAM W. JOHNSON as Executor and Trustee, et al., Respondents.

**Will — trust — creation of trust with direction that income be first distributed to three life tenants, then, upon the death of one, to the two survivors, and upon the death of a second one-half of principal distributed and income from remaining half paid to surviving life tenant, and upon his or her death, residue distributed — will construed as creating three separate trusts — no illegal suspension of power of alienation.**

Where a testatrix, by her will, created a trust as to her residuary estate and directed that one-third of the net income should be paid to each of three persons named, during their several lives; that in the event of the death of one, each survivor be paid one-half the income, and in the event of the death of a second, the residue of the estate be divided into two parts, one part to be distributed among specified remaindermen and the income from the other part to be paid to the survivor of the three original life tenants, and upon his or her death the rest and residue of the estate distributed to the remaindermen, there is no illegal suspension of the power of alienation. The will should be construed as creating three independent and separate trusts, the principals of all of which are simply held together for purposes of investment. Upon the death of one of the life tenants, the trusts of the two survivors are increased from one-third to one-half of the income. Upon the death of the second, the trust in his or her

favor is to be distributed and that of the survivor continues until his
or her death when it, likewise, is to be distributed.

*Matter of Buttner,* 215 App. Div. 62, modified.

(Argued March 29, 1926; decided May 25, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 3, 1926, which modified and affirmed as
modified a decree of the Westchester County Surrogate's
Court construing the will of Amanda F. Buttner, deceased.

*Ralph W. Crolly* for appellant. The provisions of
testatrix's will are so interwoven, interdependent and
indivisible as to constitute an entire scheme and render
the disposition of her residuary estate, excluding the
$500 deferred legacy to her granddaughter, illegal and
invalid. (*Bailey* v. *Buffalo L. T. & S. D. Co.,* 213 N. Y.
525; *Benedict* v. *Webb,* 98 N. Y. 460; *Brown* v. *Quintard,*
177 N. Y. 75; *Matter of Butterfield,* 133 N. Y. 473; *Rice* v.
*Barrett,* 102 N. Y. 161; *La Farge* v. *Brown,* 31 App. Div.
542.) If this court holds the trust provisions of the
will are separable then testatrix died intestate as to one-
half of her residuary estate passing at the death of the
second of the three named beneficiaries to die. (*Simpson*
v. *Trust Company,* 129 App. Div. 203; *Gottman* v. *Grace,*
112 N. Y. 308; *Van Nostrand* v. *Moore,* 52 N. Y. 18;
*Baker* v. *Gerow,* 126 N. Y. Supp. 277; *Herzog* v. *Title
Guaranty & Trust Company,* 177 N. Y. 91; *Cammann* v.
*Bailey,* 210 N. Y. 19.)

*Wilson R. Yard* for executor and trustee, respondent.
The intent of the testatrix in establishing a trust is clear,
and the unanimous opinion of the learned Appellate
Division should be sustained. (*Matter of Evans,* 234
N. Y. 42; *Matter of Barney,* 207 App. Div. 25; *Matter
of Trevor,* 120 Misc. Rep. 22; 207 App. Div. 673; 208
App. Div. 812; 239 N. Y. 8; *Tilden* v. *Green,* 130 N. Y.
29; *Matter of Lutz,* 202 N. Y. Supp. 845; *U. S. Trust Co.*

of New York v. Baes, 207 N. Y. Supp. 23; Stewart v. Stewart, 205 App. Div. 587; Matter of Allen, 111 Misc. Rep. 93; 202 App. Div. 810; 236 N. Y. 503; Matter of Horner, 237 N. Y. 489; Carrier v. Carrier, 226 N. Y. 114.) The intention of the testatrix must be gathered from the whole will, and the clear intent as therein expressed is to vest her general residuary estate in the persons or class named in the 4th paragraph of her will, and she carefully avoids intestacy in the 7th paragraph of her will. (Matter of Buechner, 226 N. Y. 440; Eidt v. Eidt, 203 N. Y. 325; Matter of Woods, 177 N. Y. Supp. 825; Williams v. Petit, 138 App. Div. 394; Haug v. Schumacher, 166 N. Y. 506; Meeks v. Meeks, 161 N. Y. 66; Nelson v. Russell, 135 N. Y. 137; Goebel v. Wolf, 113 N. Y. 405; Weeks v. Cornwell, 104 N. Y. 325; Ossman v. Von Roemer, 221 N. Y. 381.)

Henry P. Griffin for Dorothy E. Wurm et al., respondents. The trust is divisible at the death of the first life beneficiary. It is divided by said trust provisions into two equal parts, and in no contingency provided for in said trust provisions does the said trust or any part thereof continue for a longer term than for two lives in being at the date of the death of the testatrix, and, therefore, the trust is valid in toto. (Schermerhorn v. Cotting, 131 N. Y. 48; Wells v. Wells, 88 N. Y. 323; Post v. Bruere, 127 App. Div. 250; Leach v. Godwin, 198 N. Y. 35; Vanderpoel v. Loew, 112 N. Y. 167; Matter of Horner, 237 N. Y. 489; Meeks v. Meeks, 161 N. Y. 66; Lewis v. Howe, 174 N. Y. 340; Matter of Ossman v. Von Roemer, 221 N. Y. 381; Matter of Allen, 111 Misc. Rep. 93; 202 App. Div. 810; 236 N. Y. 503.)

Arthur I. Strang for respondent. The order of the Appellate Division should be affirmed. (Matter of Buechner, 226 N. Y. 440; Union Trust Company v. Cole, 198 App. Div. 539; Matter of Union Trust Company, 219 N. Y. 537.)

[243 N. Y. 1]      Opinion, per ANDREWS, J.      [May,

ANDREWS, J.   Henry O. Buttner, as her sole heir at law and next of kin, brings this proceeding to obtain a determination as to the construction, validity and effect of the will of his mother.   The testatrix gave and devised the remainder of her estate to trustees in trust to collect the rents, income and profits thereof and after the payment of debts and expenses, to administer and distribute such remainder by first paying a legacy of $500 and then by investing the balance and paying over one-third of the net income thereof to Bertha Schroeder, Henry O. Buttner and Emma N. Johnson respectively during their several lives.   Should any of these three die before the testatrix or upon the death of either of them after her, the income was to be paid equally to the survivors, each receiving consequently one-half thereof.   Upon the death of the second of the three " I direct my said trustees to divide the residue of my said estate then remaining into two equal parts and to distribute and pay over one of said parts equally " to certain persons named and to any issue of certain nephews share and share alike.   If any of such beneficiaries " predecease leaving them issue surviving at the time of such distribution " such issue are to take the share their parents would have taken if living.   The income from the other one-half is to be paid to the survivor of the three original life tenants and upon his or her death the principal to the remaindermen above referred to in the same proportion, shares and manner as above provided.   The same disposition is to be made of any bequests or devises which lapse either because of the death of any of the person or persons entitled to take under the will or for any other reason without a proper direction contained in the will as to how the same should pass.

The petitioner claimed (except for the $500 legacy) that the entire trust provision is void and that as to the residuary estate Mrs. Buttner died intestate.   If not, at least she died intestate as to the half of the estate, the

income of which was to be paid to the survivor of the three life beneficiaries. If the entire trust fund is to be held as a unit and the income only divided first into thirds while the three life tenants survive, then into halves while the remaining two survive; if only then is the fund to be divided and one-half of the principal to be held in trust for the life of the third survivor, doubtless as to that half at least there is an illegal suspension of the power of alienation. It may be also that such a result would so disrupt the entire scheme of the testatrix that all the trust provisions should be construed together and all must fall. The surrogate, however, held otherwise. Under his construction of the will three independent and separate trusts were created, the principals of all of which were simply held together for purposes of investment. Upon the death of one of the life tenants the trusts of the two survivors were increased from one-third to one-half of the estate. Upon the death of the second life tenant the trust in favor of the survivor continued until his or her death. The trust in favor of the one dying was then to be distributed. The trust in favor of the surviving life tenant upon his or her death is to be likewise distributed.

Upon appeal by petitioner to the Appellate Division this result was modified. That court held that the trust was a unit; that as to the portion to be held for the third surviving life tenant there was an illegal suspension of the power of alienation. The provision in this regard, however, was separable from the other provisions of the will which might consequently be sustained. As to the half of the estate as to which the trust was continued after the death of two of the three life tenants, the testatrix did not die intestate; but under the provision as to lapsed legacies and as to portions of the estate as to which no proper disposition was made, that half should when two of the life tenants had died be distributed among the remaindermen mentioned in the

earlier portions of the will. This result was less favorable to the petitioner than was the original decree. Should he chance to survive the other two life tenants, the trust in his favor would end. He again appeals.

While the question is a close one and the will is more or less ambiguous, in our opinion the decree of the surrogate was correct. So far as possible we must follow what was plainly the intention of the testatrix. After the death of the first life tenant the other two shared equally in the income of the estate. After the death of the second the survivor received no more and no less. It is true that nothing is said explicitly about the division of the estate into separate trusts until after the second death. Naturally then a division of the principal must take place because one-half of the estate is to go to the remaindermen, and the mind of the testatrix would be sharply directed to the need of a physical division. Until that time she might have in mind the benefit of holding together the estate for convenience of investment. As indicating that such was her intention is the provision that the trustees shall "administer and distribute the rest and residue then remaining" of her estate after the payment of debts and expenses in the manner specified.

Taking, as we do, this construction of the will, the surrogate was also right as to the disposition of one-half of the estate upon the death of the second life tenant and of the remaining one-half upon the death of the third.

The order of the Appellate Division should be modified as herein indicated and as so modified affirmed, with costs to the respondents filing briefs on this appeal, payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Ordered accordingly.