In the Matter of the Estate of MARY A. FISHER, Deceased.

Surrogate's Court, Westchester County, June 9, 1938.

*George G. Lake,* for Dr. Robert C. Fisher, petitioner.

*Kent, Hazard & Jaeger* [*Samuel Y. Austin, Jr.,* of counsel], for Thomas R. Fisher.

*Lawrence M. Greene,* for Elliott E. Fisher.

*Gettinger & Gettinger,* for Katherine N. Fisher.

*J. Lester Albertson,* special guardian.

MILLARD, S. The instant application is for a construction of paragraph " ninth " of the will of this decedent. Decedent died in 1901, leaving a will which was duly admitted to probate. She left surviving four sons, John T., Robert C., Thomas H. and Edward H. Fisher. John T. Fisher and Robert C. Fisher were appointed executors and later, trustees, pursuant to the terms of the will. Upon the death of John T. Fisher, his brother, Robert C. Fisher, filed an intermediate account and resigned, whereupon the petitioner in this proceeding, Dr. Robert C. Fisher, was substituted as trustee.

Paragraph " ninth " of the will disposes ot the residue of decedent's estate by creating four separate trusts, one for each of her sons, as follows: " To keep the same invested as at present and to re-invest any that may be paid off and to keep the same re-invested and to collect all the rents, issues, profits and income arising therefrom and after deducting all the necessary and legitimate expenses to pay one-fourth part thereof to my son John T. Fisher during his life and upon his decease to pay said one-fourth part of said income to any child or children he may die leaving him surviving, until such child or children shall attain the age of twenty-one years when said child or children's share of said one-fourth part of said principal and accrued interest shall be paid to such child or children."

Similar provision, in almost identical language, is made in said paragraph for the three other sons, concluding with the following paragraph: " Should, however, any of my said sons die leaving no lawful issue him surviving then the share of such deceased son shall be paid to his surviving brothers under the same conditions as hereinbefore set forth as to the one-fourth of my estate."

John T. Fisher died in 1931, leaving two sons, the petitioner and Elliott E. Fisher. Edward H. Fisher died in 1936 without issue, and the question now arises as to the manner in which the corpus of his trust under paragraph " ninth " of the will shall be distributed. It is the contention of Thomas R. Fisher, Jr., the son of Thomas R. Fisher, that this fund should be distributed outright in equal shares between Robert C. Fisher and Thomas R. Fisher, the two surviving sons of decedent. The petitioner, as well as other interested parties, contend, on the other hand, that the fund should be divided into three equal shares and disposed of as follows: one share to be divided outright between the two sons of John T. Fisher, deceased, and the other two shares to be added to

the trust funds of Robert C. Fisher and Thomas R. Fisher, respectively.

I am of the opinion that the language " then the share of such deceased son shall be paid to his surviving brothers " can have but one meaning, namely, that the only persons eligible to take upon the death of Edward H. Fisher in 1936 were the two brothers who were still alive after his death. There is no ambiguity in this language so that the court is not called upon to read into the will words not intended by decedent. There is no question of inheritance presented here. Dr. Robert C. Fisher and Elliott E. Fisher received the one-fourth share of their father, John T. Fisher, upon his death. They cannot now question the intention of the testatrix, which seems to have been to benefit her living sons upon the death of any son without issue. (*Mullarkey* v. *Sullivan*, 136 N. Y. 227.)

By the words " under the same conditions as hereinbefore set forth as to the one-fourth of my estate," testatrix obviously intended to continue the trusts created by her. In other words, it was her intention that the corpus of the trust for any son dying without issue should be added to the corpus of the trusts created for the surviving sons. The courts will lend every possible effort to the end that the testamentary purpose of a testator will be accomplished. This testatrix, in effect, created four separate trusts and provided for the disposition of each fund upon the happening of certain events. After the death of Edward H. Fisher without issue, two brothers remained to share, equally, the income from his trust. The fund then vests without the intervention of another life. I am of the opinion that there is no suspension of the power of alienation. (*Matter of Buttner*, 243 N. Y. 1.)

I, therefore, hold that the income from the trust fund created under this decedent's will for the life of Edward H. Fisher is to be divided between Robert C. Fisher and Thomas R. Fisher in equal share during their lives, with remainder over to their heirs.

Settle decree accordingly.