*411 OPINION OF THE COURT
Marie M. Lambert, S.
The successor trustee of two companion inter vivos trusts seeks to construe the terms thereof to determine that separate trusts were established for each of the named beneficiaries, thereby enabling each of the trusts to meet the statutory requirements to be a shareholder of an S corporation under subtitle A, chapter 1, subchapter S of the Internal Revenue Code as amended by the Tax Reform Act of 1986. The sole assets of the trust are shares of common stock of a closely held corporation.
As a result of the Tax Reform Act of 1986 (Pub L 99-514), corporate income tax rates will exceed those of individuals and trusts, with a top rate of 34% for corporations as compared to 28% (or for certain limited circumstances 33%) for individuals and trusts when fully phased in. Moreover, Tax Reform Act of 1986, title VI, subtitle D, § 631 et seq. (26 USC § 336 et seq.) repeals the doctrine established by General Utilities Co. v Helvering (296 US 200 [1935]) and codified in Internal Revenue Code of 1954 (26 USC) §§ 333, 336, 337 and 338, as amended. Under the General Utilities doctrine, a corporation usually would recognize no gain or loss on a distribution in liquidation of its assets to shareholders (other than recapture items, such as depreciation), or subject to certain conditions, on a liquidating sale of its assets. Also, nonrecognition of gain was available in connection with certain "deemed” liquidating sale transactions following a purchase of a controlling interest in one corporation by another corporation. These sections have been repealed by the Tax Reform Act of 1986 and replaced by subtitle D referred to above, effective January 1, 1987.
As a result of such repeal and the change in tax rates, it will be beneficial for certain closely held corporations to become S corporations under subtitle A, chapter 1, subchapter S of the Internal Revenue Code. In such a case, generally no corporate level taxes are imposed and income tax on the earnings of the corporation is paid by its shareholders at their individual rates.
In order to prevent taxpayers from circumventing the repeal of the General Utilities doctrine, Tax Reform Act of 1986 § 632 amends Internal Revenue Code (26 USC) § 1374 by providing (with some exceptions for certain closely held corporations) for the imposition of a special corporate level tax on *412 the disposition of assets by an S corporation that had formally been a C corporation or a regularly taxed corporation. This tax is to be imposed on unrealized appreciation on any assets owned by the corporation when it becomes an S corporation if gain is recognized, within 10 years after it changes its status from that of a C corporation to that of an S corporation. Nevertheless, a special grandfather provision was granted pursuant to which the 10-year tax will not be imposed on a corporation that elects on or before December 31, 1986 to become an S corporation (Tax Reform Act of 1986 § 633 [b]).
In order for a corporation to elect S corporation status it may not have as a shareholder a trust that does not meet certain requirements set forth in Internal Revenue Code (26 USC) § 1361. The trusts in this proceeding must be qualified subchapter S trusts as defined in section 1361 (d) of the Code (26 USC). Such a trust must meet the following five statutory requirements: (1) it may only have one current income beneficiary; (2) if the distributions of corpus are allowed during the life of the income beneficiary, the trust’s terms must permit corpus distributions only to such income beneficiary; (3) the income interest of the current income beneficiary must be required to terminate on the earlier of such income beneficiary’s death or the termination of the trust; (4) the terms of the trust must provide that, upon termination of the trust during the life of the current income beneficiary, all trust assets must be distributed to such income beneficiary; and (5) all trust income must be distributed to one individual who is a citizen or resident of the United States. These five requirements can be met by "[a] substantially separate and independent share of a trust” under a technical amendment to Internal Revenue Code (26 USC) § 1361 (d) (3) applicable to taxable years after December 31, 1982.
The petition alleges that although the intent of the grantor to create separate trusts or separate shares for each of the beneficiaries appears several times in the agreement, certain language and the imprecise terms used in article first can conceivably be read to indicate a contrary intent. If the trust is construed as requested, the petition explains that the company would have trusts as shareholders which would satisfy the statutory requirements to be shareholders of an S corporation and would thus be able to take tax advantage of significant tax saving opportunities which otherwise would be lost.
A guardian ad litem was appointed to represent the interests of the infant income beneficiaries of the respective trusts *413 and has reported in support of the requested construction. All interested persons consent to the granting of the application.
As in any construction proceeding, the court must glean the intent of the grantor from a reading of the entire instrument. (Matter of Thall, 18 NY2d 186; Matter of Fabbri, 2 NY2d 236.) In this case, the agreements clearly enunciate an intent that the trust fund under each agreement be divided into and administered as separate trusts for each of the respective named beneficiaries, with each beneficiary being the sole beneficiary of each trust and the only one entitled to income and principal of his or her respective trust during his or her lifetime. The trustee’s authority to apply all trust income for the income beneficiary until he or she attains a given age permits compliance with the regulations qualifying a trust for purposes of subchapter S if all trust income is actually so paid out each year (see, Proposed Treasury Regulation 1.1361-1 [A] [j], example [4]), and the court construes each trust as directing that all income be paid to or applied for the benefit of its income beneficiary.
Accordingly, the application is granted in all respects. Compensation of guardian ad litem is fixed.