OPINION OF THE COURT
Renee R. Roth, S.
The question presented in this proceeding is whether the court may reform the will of a testator, who died many years before the enactment of the first generation-skipping transfer tax (GST), so that a trust created thereunder can qualify for the GST $1 million exemption for his recently deceased wife.
When Alfred L. Kaskel died in 1968, neither the former version nor the current version of the generation-skipping *279 transfer tax had been enacted. The current version was enacted on October 22, 1986 as part of the Tax Reform Act of 1986 (TRA 1986). This new version taxes all generation-skipping transfers which take place after September 25, 1985. However, trusts which were irrevocable on that date are exempt from the tax, provided that no additional corpus is added after September 25, 1985 to the trust (TRA 1986 [Pub L 99-514] § 1433 [b] [2] [A]). Unfortunately, Mr. Kaskel’s will contains a provision which upon the death of his wife added corpus to his irrevocable residuary trust and resulted in unforeseen GST tax consequences.
Under his will admitted to probate by this court on September 20, 1968 (eight years before the enactment of the first version of the GST), Mr. Kaskel created two trusts from his residuary estate for the life income benefit of his wife. One, referred to as the marital trust, qualified for the marital deduction (Internal Revenue Code [26 USC] § 2056 [b] [5]) because Mrs. Kaskel was given a general power of appointment over its principal. The other, called the residuary trust, was also for the income benefit of Mrs. Kaskel with remainder in further trust for each of his three children and their spouses with ultimate remainder to his grandchildren.
Under current law, the residuary trust contains generation-skipping transfers (taxable terminations) on the death of each child and spouse. But since it was created before September 25, 1985, and is irrevocable, it is exempt from the GST tax (TRA 1986 [Pub L 99-514] § 1433 [b] [2] [A]).
As noted earlier, however, Mrs. Kaskel had a general power of appointment over the marital deduction trust. Mrs. Kaskel died on May 13, 1988 having failed to exercise her power of appointment. Under the terms of Mr. Kaskel’s will, upon such failure, the principal of the marital trust pours over into the residuary trust. To the extent of the pour-over, the otherwise exempt residuary trust becomes subject to the current GST.
The trustees of both trusts petition the court for a construction and reformation of Mr. Kaskel’s will (SCPA 1420). Their primary objective is to prevent the principal of the marital trust from pouring over into the residuary trust. They suggest that the tax-exempt status of the residuary trust can be preserved by creating separate trusts for the children from the principal of the marital trust. Their second objective is to reform the marital trust in order to take advantage of Mrs. Kaskel’s $1 million GST exemption (GST exemption) as was *280 done recently by this court in Matter of Choate (141 Misc 2d 489). Since Mr. Kaskel died some eight years before the GST tax was enacted, his will does not take advantage of the exemption. But unlike Choate (supra), where the decedent’s GST exemption was in question, this case concerns the surviving spouse’s GST exemption. The marital trust created by Mr. Kaskel’s will is included in Mrs. Kaskel’s taxable estate and its corpus is treated for GST purposes as having been transferred to the trust by Mrs. Kaskel on her death. Thus, as a transferor, Mrs. Kaskel has her own $1 million GST exemption which may properly be allocated by her executors to such transfer (Internal Revenue Code [26 USC] § 2631).
Under the rationale of its opinion in Choate (supra, and the authorities cited therein), this court construes and reforms testator’s will to provide that in the event that Mrs. Kaskel dies without exercising her power of appointment, the principal of the marital trust shall be divided into two unequal parts as follows.
The first trust shall consist of an amount measured by a fraction with a numerator of $1,000,000 and a denominator equal to the value of the marital trust as finally determined for Federal estate tax purposes in Mrs. Kaskel’s estate. Such trust will have a zero inclusion ratio and thus a tax rate of zero. This is accomplished by allocating Mrs. Kaskel’s entire GST exemption to this trust which shall have the same $1,000,000 principal necessary to yield such a zero inclusion rate. This trust will thus be free of all generation-skipping taxation from its initial transfer through all subsequent generation-skipping transfers through the trust’s termination. This trust shall not be charged with any part of estate taxes recoverable from the marital trust by Mrs. Kaskel’s executors. It is noted that if Mrs. Kaskel’s estate tax is apportioned against such trust, the severance of the marital trust into two parts will not fully accomplish its purpose because the $1 million trust will be reduced by Mrs. Kaskel’s estate taxes and part of her GST exemption will not be used for this trust (Internal Revenue Code [26 USC] § 2642 [a] [2]). Consequently, although the balance of the exemption would be available for the other part of the marital trust (cf., Matter of Choate, supra), petitioners’ objective, creating the largest, possible trust fully exempt from GST, will not be achieved.
After such severance, this single GST exempt trust shall be divided into three separate trusts, one for each of the Kaskels’ three children. Each of these trusts will also have a zero GST *281 tax rate. Each of these exempt trusts will contain the identical provision with regard to disposition of income and principal as did the three original residuary trusts under article fifth (A) (2) (B) of Mr. Kaskel’s will.
The second trust shall be composed of the balance of the principal of the martial trust fully taxable for GST purposes. All estate taxes recoverable from the martial trust by Mrs. Kaskel’s executors shall be allocated entirely against this second trust.
The principal of this second trust shall also be separated into three trusts, one for each of the three children of Mr. and Mrs. Kaskel. As with the GST exemption trusts, each of these three trusts will contain and be subject to the identical provisions with respect to dispositions of income and principal as provided for the residuary trust under article fifth (A) (2) (B) of Mr. Kaskel’s will.
As a result of this ruling, the trustees will hold nine separate trusts, three for each child. One group of trusts will be exempt from the GST tax because it was funded from the grandfathered residuary trust. The second group will also be exempt from the GST tax because the allocation of Mrs. Kaskel’s GST exemption to such trusts produces a GST tax rate of zero. The last group of three trusts, carved out of the balance of the marital trust, will be fully subject to the GST tax.
There are two advantages in having for each child two wholly protected trusts and one unprotected trust. By separating the trusts into completely protected or completely unprotected trusts, invasion of principal for the children (non-generation-skipping transfers) can be made entirely from the taxable trust thereby reducing the amount that will eventually be subject to GST. The second advantage is that future GST tax can be minimized by means of separate investment policies for each group of trusts. Without affecting the total income paid to each child, the trustees could allocate fixed income investments to the unprotected trusts and investments selected for growth to the tax protected trusts.
The trustees also raise the question of their statutory commissions. With their consent, commissions are confined to the amount allowable as if the principal of each child’s three trusts was held in a single trust.
By construing and reforming the will in the above manner, Mr. Kaskel’s over-all dispositive plan is not altered. The only *282 effect is to reduce the GST that will be payable when his children and their spouses are dead. Such result is consistent with Mr. Kaskel’s intention to minimize estate taxes (Matter of Stonehill, 136 Misc 2d 272; Matter of Manville, 112 Misc 2d 355; Matter of Olson, 77 Misc 2d 515). This intention is manifested throughout Mr. Kaskel’s will. For example, he took full advantage of the limited marital deduction available in 1968. With respect to the portion not available for the marital deduction, he created a residuary trust for his wife and issue which would not be included in his wife’s taxable estate. Finally, under the law in effect when he died, his bequests of each child’s share in further trust (instead of outright) postponed payment of estate tax until the death of his grandchildren. It is therefore clear that if some form of GST tax was in place in 1968, Mr. Kaskel would have taken advantage of any exemption or benefit that was available to him by law.
Because of Mr. Kaskel’s intention to minimize estate taxes as manifested by his will, the construction and reformation requested by his executors are available to his estate (see, Matter of Choate, supra; Matter of Khadad, 135 Misc 2d 67; Matter of Lepore, 128 Misc 2d 250; Matter of Kander, 115 Misc 2d 386; Matter of Stalp, 79 Misc 2d 412).