OPINION OF THE COURT
Renee R. Roth, S.
This application seeks to construe and reform the will of Murray P. Nossiter by splitting a single qualified terminable interest property (QTIP) trust into three trusts so as to obtain the maximum benefit of the $1,000,000 generation-skipping transfer tax exemptions (GST exemption) of decedent and his surviving spouse. Several of petitioner’s objectives have been discussed by this court in previous decisions (Matter of Choate, 141 Misc 2d 489; Matter of Kaskel, 146 Misc 2d 278). One however is new, namely, that as part of the severance, petitioner seeks to treat decedent as the transferor of the QTIP trust for purposes of the GST exemption ("a reverse QTIP election”) under section 2652 (a) (3) of the Internal Revenue Code (26 USC § 2652 [a] [3]) but with respect to only a portion of the original single QTIP.
Mr. Nossiter died on October 20, 1987 leaving a will dated July 2, 1982. In "Article second” of the will, he created a trust (of approximately $425,000,000) for the life income benefit of his wife Claire with remainder upon her death equally to his son Bernard and his four adult children (decedent’s grandchildren).
Under the law in effect in 1982, the transfers to the grandchildren were not considered generation-skipping transfers as there are no intervening interests at the generation level of decedent’s children. However, under the Tax Reform Act of 1986 (TRA 1986), as amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA 1988), such transfers are taxable as direct skips. As a result, the 80% of the QTIP trust passing to the grandchildren on the death of the widow will be subject to GST tax of between $400,000 and $800,000 depending upon whether the decedent or his widow is the transferor of the entire trust. The proposed construction would eliminate all generation-skipping transfer tax.
In his will, Mr. Nossiter also directed his executor to QTIP the widow’s trust to obtain the marital deduction. A brief review of the relationship between the QTIP election and the GST exemption will clarify the issue in this proceeding. When *881 the widow’s trust is treated as a QTIP trust, it qualifies for the marital deduction and is not taxable in the husband’s estate. But since the husband is not the transferor of the QTIP trust (Internal Revenue Code § 2652 [a] [1] [26 USC § 2652 (a) (1)]), his GST exemption cannot be applied to such trust (Internal Revenue Code § 2631 [a] [26 USC § 2631 (a)]). The Code (Internal Revenue Code § 2652 [a] [3] [26 USC § 2652 (a) (3)]), however, permits the husband’s executor to elect, solely for GST purposes, to treat the husband as the transferor of the QTIP trust. By thus reversing the QTIP election, the husband’s GST exemption can be applied to the QTIP trust. Although it was uncertain whether under the 1986 enactment of section 2652 (a) (3) the spouse who created the QTIP could make this reverse election for only part of such trust (enabling the widow’s GST exemption to be applied to the balance), the Technical and Miscellaneous Revenue Act of 1988 provided (retroactively) that a testator’s reverse election must be applied to the entire trust (Internal Revenue Code § 2652 [a] [3] [26 USC § 2652 (a) (3)]). In other words, the Code does not permit a testator to be treated as the transferor of only a portion of the assets of the QTIP trust.
In the instant case, if decedent is deemed the transferor, the full benefit of his $1,000,000 exemption will not be realized because it must be allocated to the entire trust including the transfer to his son, a nonskip person. Moreover, it is not clear whether the widow’s $1,000,000 exemption may be allocated to the trust. Also the transfer of 80% of the trust remainder to the grandchildren might be treated as a taxable termination (which would result in a higher tax). On the other hand, if the widow is deemed the transferor, decedent’s $1,000,000 tax exemption will be lost except for $25,000 which can be allocated to a granddaughter’s trust.
Petitioner seeks to split the QTIP trust into three trusts without any alteration of the dispositive terms. The first ("the son’s trust”) would be funded with 20% of the assets in question with remainder to decedent’s son. The second ("the grandchildren’s trust”) would be funded with 80% less the GST million dollar exemption (reduced by the portion allocated to granddaughter’s preresiduary legacy of $25,000) with remainder equally to the four grandchildren. The third ("the exempt trust”) would be funded with the remaining assets (approximately $975,000) with remainder equally to the grandchildren. "The exempt trust” with a zero inclusion ratio would be permanently exempt from GST tax. Although the number *882 of the trusts is increased, the interests of the beneficiaries remain the same as under Mr. Nossiter’s will.
The estate tax ultimately payable as a result of the inclusion of all three trusts in the widow’s estate (Internal Revenue Code § 2044 [26 USC § 2044]) would be allocated between the first two trusts so that "the son’s trust” pays its pro rata share and "the grandchildren’s trust” pays the balance of the tax (its own share and that of "the exempt trust”).
Under this construction, "the exempt trust” will also shelter from GST tax all trust appreciation, avoid the administrative difficulties of reporting partially taxable distributions and preserve the full value of the GST exemption for distributions to skip persons. Without this severance, the full benefit of the GST exemption would not be realized because such exemption must be allocated to the entire QTIP, including the 20% passing to decedent’s son, a nonskip person. In addition, by shielding "the exempt trust” from the widow’s estate tax the full value of Mr. Nossiter’s GST exemption is preserved for the grandchildren.
The question thus is whether a partial reverse election can be achieved in a roundabout manner, that is by splitting the QTIP trust so that decedent’s GST exemption would shelter "the exempt trust” and his wife’s GST exemption would be applied upon her death to "the grandchildren’s trust”. Although the Code is not explicit, the legislative Commentary to Internal Revenue Code § 2652 (a) (3) (26 USC § 2652 [a] [3]) expressly notes that "the executor’s indication on a Federal estate tax return that separate QTIPs will be established will suffice to permit such trusts to be treated as separate trusts for purposes of this provision” (HR Rep No. 795, 100th Cong, 2d Sess 354 [1988]).
It is noted also that a respected commentator reports that the forthcoming Treasury regulations provide that the allocation of the surviving spouse’s estate tax to the nonexempt "grandchildren’s trust” will neither be deemed a constructive addition to "the exempt trust” nor impair its zero inclusion ratio (Covey, Recent Developments Concerning Estate, Gift and Income Taxation — 1989, U Miami, 24th Inst on Est Plan, at 128).
The courts of this State are authorized to construe or reform wills to effectuate testator’s clear intent to take full advantage of exemptions under Federal and State tax law (see, Matter of Martin, 146 Misc 2d 144, and cases cited therein). *883 Mr. Nossiter’s will reflects careful tax planning. It contains a direct skip to his grandchildren which was the standard way to avoid GST tax under the law at the time his will was executed. He expressly directed his executor to obtain the maximum marital deduction. Furthermore, the proposed severance in no way alters the dispositive scheme of testator’s will (Matter of Choate, supra, at 493). It merely avoids the unforeseen adverse consequences of the retroactive revisions of the GST tax enacted after Mr. Nossiter executed his will.
Based upon the foregoing, the court authorizes the requested reformation and construes decedent’s will accordingly.