OPINION OF THE COURT
Renee R. Roth, S.
This is an application to split an irrevocable inter vivas *370 trust into two trusts for the novel purpose of insulating the trust’s substantial cash and securities from potential creditor’s claims that could arise from the trust’s real property.
The trust was created by Joseph Heller on February 22, 1984 for the sprinkling income and principal benefit of his three grandchildren with final distribution of principal when the youngest reaches age 30.
The trustee proposes to create two trusts, one to hold the real property (a Manhattan apartment building) and the other to hold the other assets. The proposed severance will in no way alter the dispositive terms of the trust agreement and will not result in any increase in trustee’s commissions. The building has at all times been self-supporting. The trustee expressly represents that there are no current claims and none threatened or reasonably anticipated. The existing mortgage, representing 70% of the building’s current market value, is nonrecourse debt and specifically authorizes the transfer of the property to other family trusts without the mortgagee’s consent. The building is adequately insured both as to liability and casualty and the same or comparable insurance will continue to be maintained.
The trustee explains that other options to limit liability, including incorporating the building, are not available to the trust because of onerous income and transfer gains tax consequences. There will be no tax impact whatsoever to either the trust or its beneficiaries and the severed trusts will continue to be grandfathered from generation skipping tax.
The severance of trusts to effectuate the creator’s presumed intent to take advantage of available tax deductions and exemptions has become routine (see, Matter of Case, 154 Misc 2d 699; Matter of Nossiter, 146 Misc 2d 879; Matter of Choate, 141 Misc 2d 489), as has salvaging trusts from violating the rule against perpetuities (see, Matter of Buttner, 243 NY 1; Matter of Horner, 237 NY 489) and facilitating disparate investment goals of trust beneficiaries (Matter of Goldberg Irrevocable Trust, 159 Misc 2d 1107). But no court has severed a trust for the purpose of limiting the trust’s liability to future creditors.
New York law recognizes the right of individuals to arrange their affairs so as to limit their liability to creditors, including the holding of assets in corporate form (see, Business Corporation Law § 628; Bottlers Seal Co. v Rainey, 243 NY 333), making irrevocable transfers of their assets, outright or in *371 trust, as long as such transfers are not in fraud of existing creditors (EPTL 7-1.3), establishing spendthrift trusts to protect the assets from the beneficiary’s creditors (EPTL 7-3.1 [b] [2]) and renouncing property interests that otherwise would be subject to creditor’s claims (EPTL 2-1.11).
The most significant of the foregoing examples is the availability of renunciation for the sole purpose of defeating existing creditors’ claims. Indeed, one of the earliest purposes of a renunciation was to defeat such claims. Renunciations have been held valid to defeat the claims of both ordinary and judgment creditors and even the welfare claims of the government (see, Matter of Dankner, 86 Misc 2d 1081; Matter of Hamilton, NYU, Dec. 15, 1972, at 15, col 1).
Clearly, if New York law allows a beneficiary to defeat existing creditors by a renunciation, a trust can be severed for the purpose of limiting liability to nonexistent, but possible, future creditors.
Trustees have a fundamental duty to use reasonable care to protect the trust from unnecessary exposure to risk of loss (Restatement [Second] of Trusts § 176) and the court is expressly permitted by statute to authorize a fiduciary to exercise any power which is necessary for the proper administration of the trust (EPTL 11-1.1 [c]).
Finally, the guardian ad litem for the infant beneficiaries supports the reformation because it would further the grant- or’s express intention to preserve the trust corpus for his grandchildren.
Based upon the foregoing, the application is granted.