■ In the Matter of WILLIAM K. HUGHES, Deceased. VIRGINIA H. KENWORTHEY, Appellant; CATHERINE BENTON, Respondent. [631 NYS2d 900] —In a proceeding to construe a will, the petitioner Virginia Kenworthey appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), entered January 3, 1994, as (1) construed and reformed the will to provide that the trustees shall be entitled to commissions calculated on the basis of a single trust and (2) directed that the petitioners shall be personally responsible for the legal costs related to the second amended petition.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners Virginia Kenworthey and Palmer Hughes, who were named coexecutors and cotrustees in their father's will, commenced this proceeding to construe and reform that portion of the will which created a single residuary trust. Under the proposed reformation, the principal of the single residuary trust would be divided into two separate trusts in order to lessen the impact of so-called Federal "generation-skipping taxes" (hereinafter GST) on distributions to the decedent's grandchildren from the residuary estate. The petitioners filed an amended petition which included, as part of the proposed reformation, a provision that their commissions as trustees were to be calculated on the basis of a single trust, rather than on the basis of two separate trusts. The petitioners subsequently filed a second amended petition, however, in which they proposed that the trustees' commissions should be calculated on the basis of two separate trusts.

The respondent, decedent's stepdaughter Catherine Benton, was a beneficiary under the will and was entitled to a share of the trust income equal to that of the four other beneficiaries. While the respondent did not object to the reformation proposed in the petition and initial amended petition, she did object to the second amended petition on the ground that calculating the commissions based on two separate trusts would reduce her trust income. The Surrogate reformed the will to create two separate trusts but determined that the trustees' commissions were to be based on a single trust.

The petitioner Kenworthey contends on appeal that the Surrogate erred in denying the relief requested in the second

amended petition and that the trustees are entitled to commissions based on two separate trusts. We disagree. In determining whether to reform the will in the manner requested by the petitioners, which would permit the decedent's grandchildren to benefit from the GST exemption, the Surrogate appropriately considered whether such reformation would alter the testator's dispositive scheme (see, Matter of Nossiter, 146 Misc 2d 879; Matter of Kaskel, 146 Misc 2d 278; Matter of Choate, 141 Misc 2d 489). Whether such reformation would result in increased trustees' commissions to the detriment of any of the beneficiaries was one factor to be considered (see, e.g., Matter of Kaskel, supra; Matter of Gerstler, NYLJ, July 27, 1993, at 24, col 5; Estate of Stettner, NYLJ, July 9, 1991, at 22, col 6; see also, Matter of Case, 154 Misc 2d 699). The record supports the Surrogate's determination that the respondent's income from the estate would be reduced if the trustees' commissions were based on two separate trusts. We conclude, therefore, that the Surrogate properly denied the relief requested in the second amended petition.

Furthermore, the Surrogate did not improvidently exercise his discretion in directing that the petitioners, rather than the estate, were responsible for the legal expenses associated with the second amended petition (see, SCPA 2301 [2], [4]; 2302 [6]). The relief sought in the second amended petition, and the attorney's services with respect to that petition, would not have benefitted the entire estate but would have benefitted only the petitioners. Moreover, payment of the petitioners' legal costs from the entire estate would adversely affect the interests of the respondent, who was the successful party on this issue (see generally, Matter of Greatsinger, 67 NY2d 177). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.