William J. Regan, S.
This is a proceeding to obtain a determination as to the construction and effect of the disposition of the real estate contained in subdivision A of paragraph Fourth of the last will and testament of the deceased.
By will dated September 24, 1959 the deceased provided that real property referred to therein as No. 150 Strasmer Road in the Town of Cheektowaga, New York, be devised to two of his sons, John J. Jakubowicz and Thaddeus J. Jakubowicz. The residue of the estate by the terms of said will was to be divided among the decedent’s five remaining children. The decedent died on January 31, 1972 leaving a last will and testament, as aforesaid, which was duly admitted to probate in this court.
Upon a hearing herein held on the 19th day of September, 1972 it appears that the deceased, during his lifetime and on the 26th day of March, 1971, entered into a contract to sell the rear portion of premises commonly known as 150 Strasmer Road to a third party. The deceased died prior to the consummation of this sale and the proceeds of the sale in the sum of approximately $9,000 were received by the executor on or about the 24th day of April, 1972. The question that .arises is whether the proceeds of said sale pass to the specific devisees, John J. Jakubowicz and Thaddeus J. Jakubowicz, or to the residuary legatees as personal property.
Ordinarily the question is academic by virtue of EPTL 3-4.2, which provides as follows: ‘ ‘ Agreement to convey property previously disposed of by will not a revocation. An agreement made by a testator to convey any property does not revoke a prior testamentary disposition of such property; but such property passes under the will to the beneficiaries, subject to whatever rights were created by such agreement.” This very question was raised in Matter of Gall (65 Misc 2d 751, 752) wherein it was held that an ‘ Executory agreement to sell property which has been specifically given under -a previously executed will does not work an ademption or revocation of the gift ’ ’, and specific devisee succeeded to decedent’s interest under the contract. This has long been the law of the State of New York as indicated in said decision and cases therein cited. However, the factual situation herein is unique in that the specific property devised was not under contract to be sold as such. It is only a portion of the realty referred to in the will that was contracted to be sold by the testator. The question thus becomes one of intent and is a proper subject of a construction proceeding.
In referring to property as 150 Strasmer Road was it the-intent of the deceased to convey all-the acreage comprising the *842 realty at the stated address ? This court of necessity must answer this question in the affirmative-for the lack of an expression in the will to the contrary. At the time of the execution of the will the testator certainly was aware that 150 Strasmer Road as aforesaid consisted not only of a home and furnishings, hut of a large parcel of land. The property was referred to not simply as my “ home ” or “ residence ” but was referred to as “ my real property at 150 Strasmer Road in the Town of Cheektowaga, New York ”.
It is the decision of this court, therefore, that the proceeds of sale received by the executors upon the consummation of the sales contract hereinabove referred to properly belong to John J. Jakubowicz and Thaddeus J. Jakubowicz as devisees of the real property commonly known as No. 150 Strasmer Road.