■ In the Matter of the Estate of MILDRED MERRILL, Deceased. LOIS M. WEBB, as Executrix of MILDRED MERRILL, Deceased, Respondent; ROBERT ABRAMS, on Behalf of the Director of the Sunmount Developmental Center, Appellant.— Yesawich, Jr., J. Appeal from a decree of the Surrogate's Court of Clinton County (Lewis, S.), entered February 22, 1990, which, *inter alia,* determined that the distributable assets of decedent's estate be divided equally among decedent's children.

Mildred Merrill (hereinafter decedent) died January 4, 1987.

She was survived by seven children, one of whom, James, is severely retarded. The second paragraph of decedent's will provides as follows: "I bequeath to my seven children or to the survivors of them, all of my personal and real property in equal shares. If at the time of my death my son JAMES is still living, I direct that he have a life lease in my home, that he be taken care by the family in my home, and that under no circumstances is he to be taken from this home and put into any kind of a home for disabled or mentally retarded people." Just two days before decedent died, James, who was 45 years of age at the time, was placed in Sunmount Developmental Center (hereinafter Sunmount), an institution in Franklin County for mentally retarded individuals.

Pursuant to court order, decedent's house was sold and the proceeds placed in escrow. Petitioner then petitioned Surrogate's Court for an order distributing the sale proceeds of $21,962.37 equally among the seven children following the creation of a $2,500 trust account for James' burial expenses. Respondent, appearing on behalf of Sunmount, objected; he maintained that Sunmount should receive the monetary equivalent of James' life estate interest with the remainder of the estate to be divided equally. Surrogate's Court disagreed and distributed the assets equally. Respondent appeals.

In construing a will, the primary objective is to ascertain the testator's intention (*Matter of Jones,* 38 NY2d 189, 193; *see generally,* 7 Warren's Heaton, Surrogates' Courts § 16 [1], at 6-41—6-45 [6th ed]). Here, review of decedent's will as a whole evinces her desire to provide shelter for her retarded child throughout his life so that he would not have to be placed in an institution. To this end, decedent left her son a life *lease* in her home and specifically directed that it not be sold until "after both JAMES and [she] have died". Although decedent's intention is readily discernible from the will, it is impossible to implement, for James was placed in Sunmount before she died and it is undisputed that he will never be able to live alone. Furthermore, his siblings are either unable or unwilling to care for him.

Given the impossibility of providing James noninstitutionalized shelter and the fact that decedent clearly directed that the estate be divided among her seven children "in equal shares", a reasonable and fair construction of the will dictates that decedent's real and personal property be distributed equally among the seven children.

Decree affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.