■ In the Matter of the Estate of ESTHER M. HASTINGS, Deceased. CHARLES F. MURRAY et al., as Coexecutors of ESTHER M. HASTINGS, Deceased, Appellants; ESTHER FATIUK et al., Respondents.—Crew III, J. Appeal from an order of the Surrogate's Court of Franklin County (Main, Jr., S.), entered October 22, 1991, which, *inter alia,* denied petitioners' motions to dismiss respondents' claims against decedent's estate and objections to petitioners' accounting of decedent's estate.

Ralph Hastings (hereinafter Hastings) and Esther M. Hastings (hereinafter decedent) were married in 1923. In 1956 Hastings executed a will which stated that: "I give, devise and bequeath unto my wife, Esther M. Hastings, the use and income of the rest, residue and remainder of my property, both real and personal, of every kind and nature and wheresoever situated, and so much of the principal thereof as she may need or as may be necessary for her care, support and maintenance, during the term of her natural life." The will further directed that upon decedent's death one half of the residuary should be held in trust for the care and education of Hastings' daughter, Helen Robinson, and the remaining one half should be given outright to his longtime secretary, Minnie Lavoy. In 1959 Hastings died and decedent began to utilize the proceeds of the aforesaid life estate and managed her own affairs until 1980, when she sustained an injury which necessitated her moving to a nursing home. In April 1980 she executed a power of attorney in favor of her longtime friend, petitioner Helen Macro, who thereafter managed decedent's affairs until the latter's death in 1988. Over that time period

the assets in Hastings' estate were exhausted. The funds were purportedly used for decedent's nursing care expenses, bookkeeping expenses and various other items. At the time of her death decedent's own estate was valued in excess of $300,000 and, pursuant to a will she executed in 1983, Macro was a residual beneficiary thereof.

Respondents Esther Fatiuk and Neil Robinson, children of Helen Robinson, and respondents Edythe Fox and John Giblin, the sole heirs of Lavoy, filed claims against decedent's estate. Petitioner Charles F. Murray and Macro, as coexecutors of decedent's estate, rejected those claims on the basis that the assets in Hastings' estate were exhausted and they petitioned for judicial settlement of decedent's estate. Fatiuk and Neil Robinson also filed objections to petitioners' accounting of decedent's estate.

Surrogate's Court held that Hastings' will created in decedent a legal life estate and limited her power to invade the principal to circumstances of need. Accordingly, Surrogate's Court ordered that petitioners' motions to dismiss respondents' claims and objections be denied, that respondents' claims be consolidated and that petitioners file an amended account reflecting an accurate and detailed account of the life estate assets during the period of decedent's life. Petitioners have appealed.

Petitioners contend that Hastings' primary intent was to provide for decedent during her lifetime and that Surrogate's Court erred in interpreting the will to require that decedent demonstrate need before invading the principal of the life estate. We disagree. It is well established that the prime consideration of all will construction proceedings is the intention of the testator as expressed in the will (see, Matter of Larkin, 9 NY2d 88, 91). Where the language employed is clear and unmistakable so as to convey only one meaning, the intent evidenced by the language is given effect without reference to external circumstances or rules of construction (see, Matter of Fabbri, 2 NY2d 236, 244). Here, a fair reading of Hastings' will evinces his intent to provide for decedent during her life and upon her death to benefit others who were close to him. The second paragraph of the will provided, inter alia, that "I give * * * the use and income of * * * my property * * * and so much of the principal thereof as she may need * * * for her care, support and maintenance" (emphasis supplied). That language clearly manifests an intent to condition any invasion of principal upon decedent's need for it (see, Matter of Hogeboom, 219 App Div 131, 132-133). Contrary

to petitioners' contention, in view of the fact that Hastings' will limited the invasion of principal to decedent's needs, her income and assets must necessarily be considered to determine whether such need existed *(see, Matter of Martin,* 269 NY 305, 312).

While we are in accord with the decision of Surrogate's Court, at oral argument petitioners complained of an inability to account for the assets of the life estate during decedent's entire life span but professed a willingness and ability to account therefor from 1980 when Macro began handling decedent's affairs. The attorneys for respondents agreed to an accounting over such a period. Accordingly, we modify the order by providing that petitioners file, within 60 days of the date of this court's decision, an amended account reflecting an accurate and detailed account of the assets of the life estate from 1980 to decedent's death.

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as directed petitioners to file an amended account of the life estate assets during the lifetime of Esther M. Hastings; petitioners are directed to file, within 60 days of the date of this court's decision, an amended account reflecting an accurate and detailed account of the assets of the life estate from 1980 to the death of Esther M. Hastings; and, as so modified, affirmed.