■ In the Matter of the Estate of ALLISON ELLSWORTH, Deceased. ELAINE B. BONNETTE, as Executrix of MABEL S. ELLSWORTH, Deceased, Appellant, et al., Petitioner; TOWN OF QUEENSBURY et al., Respondents.—Crew III, J. Appeal from an order of the Surrogate's Court of Saratoga County (Simone, Jr., S.), entered November 21, 1991, which construed decedent's last will and testament.

On May 27, 1982, Allison Ellsworth (hereinafter decedent) executed his last will and testament. Pursuant to paragraph "third" of his will, decedent devised two parcels of land to

respondent Town of Queensbury for use "insofar as legally practical as a recreation area for senior citizens". The first parcel encompassed approximately 62 acres of land located in the Lake George area of Warren County, while the second parcel consisted of approximately 100 feet of land fronting Lake George. In paragraph "fourth" of his will, decedent devised the residue of his estate to a trust, the income from which was to be paid to decedent's then-living wife, Mabel S. Ellsworth (hereinafter Ellsworth) and, upon her death, to the Town for development or maintenance of the aforesaid parcels as a park. Thereafter, on or about February 22, 1985, decedent conferred upon Ellsworth a power of attorney, pursuant to which Ellsworth entered into purchase and sale agreements to sell the two previously described parcels to Saratoga Prime Development. The purchase and sale agreements, dated June 22, 1988, remained executory at the time of decedent's death on October 29, 1988.

On March 28, 1991, petitioner Elaine B. Bonnette, as executrix of Ellsworth's estate, and petitioner First National Bank of Glens Falls, as executor of decedent's estate, commenced this proceeding to construe paragraphs "third" and "fourth" of decedent's will. Surrogate's Court concluded that the Town was entitled, subject to Ellsworth's right of election, to the proceeds from the sale of the two parcels and the trust fund moneys to be used by the Town for public park purposes. This appeal by Bonnette followed.

Respondents urge, *inter alia,* that the provisions of EPTL 3-4.2 are dispositive of the issues presented herein. EPTL 3-4.2 provides that "[a]n agreement made by a testator to convey any property does not revoke a prior testamentary disposition of such property; but such property passes under the will to the beneficiaries, subject to whatever rights were created by such agreement". According to respondents, title to the parcels passed to the Town at the time of decedent's death, subject to specific performance of the purchase and sale agreements, and the Town was entitled to the cash proceeds of the sales as a substitute for the original gift. We cannot agree. Had the devise of the parcels herein been unconditional, then EPTL 3-4.2 would control and the Town would clearly be entitled to the proceeds of the sale. Here, the devise of the parcels was conditional, although it is clear that decedent gave no thought to the particular contingency that evolved and, hence, his intent is the proper subject of construction

*(see, Matter of Johnston,* 277 App Div 239, 240-241, *affd* 302 NY 782; *Matter of Jakubowicz,* 71 Misc 2d 840, 841).

" 'The first rule of testamentary construction * * * is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole' " *(Matter of Sprinchorn,* 151 AD2d 27, 29, quoting *Matter of Thall,* 18 NY2d 186, 192; *see, Matter of Hastings,* 184 AD2d 849; *Matter of Merrill,* 171 AD2d 978, 979; *Matter of McNab,* 163 AD2d 790, 791). Paragraph "third" of decedent's will provides: "I give and devise to the Town * * * the real property which I own consisting of 65 acres, more or less, and 100 feet, more or less, of frontage on Lake George in the Town * * * to be used as a public park. It is my intent that said premises be used insofar as legally practical as a recreation area for senior citizens. I direct that in the event the Town * * * shall elect not to accept this devise or after accepting the same, the Town * * * shall discontinue the use of the property as a recreation area as aforesaid, that the premises shall then revert to * * * Ellsworth, or if she shall then be dead, to those who would inherit from [her] under [State law], or if no such persons can then be found to the GLENS FALLS FOUNDATION." A reading of both this paragraph and decedent's will as a whole plainly reveals an intent on decedent's part to benefit the Town and, more importantly, its senior citizens with two specific parcels of land for development as a recreation area *(cf., Matter of Syracuse Univ. [Heffron],* 3 NY2d 665, 670-672); if the Town did not accept the devise or thereafter ceased using *the parcels* for the stated purpose, decedent intended a reversion to his wife, her heirs or the Glens Falls Foundation. In short, a fair reading of the will indicates that decedent intended that if the Town could not or would not use *the parcels* as a recreation area for senior citizens they were to revert.*

Contrary to the construction adopted by Surrogate's Court, the phrase "insofar as legally practical" does not evince an intent to benefit the Town with a park in some general fashion, nor does it constitute a recognition by decedent that problems might arise with respect to the particular parcels devised under the will. Rather the phrase in question, when read in conjunction with the rest of the "third" paragraph, plainly refers solely to the *use* of the devised parcels. We are

---

* Paragraph "fourth" of decedent's will contains a similar reverter clause for the trust fund proceeds.

therefore of the view that there is no reasonable construction of decedent's will that would allow the Town to receive both the proceeds from the sale of the devised parcels and the related trust fund moneys so that it might purchase some unspecified parcel of land for general public park purposes *(cf., Matter of Merritt,* 280 NY 391). Such a result is not consistent with the overall testamentary scheme expressed by decedent here and, accordingly, the order of the Surrogate's Court must be reversed.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, paragraph "third" of decedent's will is construed to provide that the proceeds from the sale of the devised parcels are part of the estate of Mabel S. Ellsworth, and paragraph "fourth" of decedent's will is construed to provide that the trust fund moneys referenced therein are also part of the estate of Mabel S. Ellsworth.