Matter of Metz (2025 NY Slip Op 02679)

Matter of Metz

2025 NY Slip Op 02679

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

174 CA 24-01388

[*1]JEANNETTE M. METZ, DECEASED. THOMAS WATKINS, PETITIONER-RESPONDENT; JAMES METZ, LAURIE CRAWFORD, DAVID PELLEGRINO AND LESLIE PECK, OBJECTANTS-APPELLANTS. 

THE BLAIR LAW GROUP LLP, TONAWANDA (MICHAEL S. SILVERSTEIN OF COUNSEL), FOR OBJECTANTS-APPELLANTS. 
RUPP PFALZGRAF LLC, BUFFALO (THOMAS J. LANG OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered February 26, 2024. The order, inter alia, dismissed in part the objections of objectants. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by sustaining objections (a) and (h) to the extent of directing petitioner to file an amended account that includes the years 2008 and 2009, sustaining objections (e) and (f) to the extent of directing an additional surcharge of petitioner in the amount of $58,000, and sustaining objection (g), and as modified the order is affirmed without costs and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to SCPA article 22 for a judicial settlement of his account as the attorney-in-fact for decedent, Jeannette M. Metz. Objectants, interested parties who filed objections to the account, appeal from an order that denied their objections in part, and we modify.
Objectants first contend that petitioner's account is incomplete because, inter alia, it does not cover the time period prior to 2010 despite the fact that petitioner acted as decedent's agent pursuant to a durable short form power of attorney (see generally General Obligations Law art 5, title 15) during 2008 and 2009. We agree. Petitioner testified that in 2008 he transferred and then liquidated one of decedent's investment accounts in his role as decedent's attorney-in-fact, and documentary evidence establishes that petitioner was also acting as decedent's attorney-in-fact when he liquidated one of decedent's annuities in 2009. Although the parameters of an account are generally a matter of discretion for Surrogate's Court (see Matter of Adam D. & Krystyna M. Dioguardi Living Trust U/A Dtd. Jan. 28, 1997 [Beck—Dioguardi], 145 AD3d 1494, 1495 [4th Dept 2016]; see generally SCPA 2205 [1] [a]), we conclude that petitioner's account should cover the entire time period during which he was handling decedent's financial affairs as her attorney-in-fact (see Matter of Hastings, 184 AD2d 849, 851 [3d Dept 1992]). Inasmuch as the account here does not cover the years 2008 and 2009, during which petitioner was handling decedent's financial affairs as her attorney-in-fact, it is incomplete. We therefore modify the order by sustaining objections (a) and (h) in part and direct petitioner to file an amended account that includes the years 2008 and 2009, and we remit the matter to Surrogate's Court for further proceedings with respect to the amended portion of the account pursuant to SCPA article 22 (see generally Matter of Jewett, 145 AD3d 1114, 1124 [3d Dept 2016]).
Objectants next contend that the Surrogate erred in failing to surcharge petitioner for 12 cashier's checks totaling $58,000 that were withdrawn from decedent's savings account and deposited into petitioner's account. "In an accounting proceeding, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets [at issue] . . . , and this evidentiary burden does not change in the event the account is contested" (Matter of [*2]Schnare, 191 AD2d 859, 860 [3d Dept 1993], lv denied 82 NY2d 653 [1993]; see Matter of Pavlyak, 139 AD3d 1338, 1339 [4th Dept 2016]). Here, petitioner failed to satisfy his burden of proof with respect to the cashier's checks inasmuch as the account and his testimony failed to substantiate any expense of decedent relating to those checks. Thus, we further modify the order by sustaining objections (e) and (f) in part and directing an additional surcharge of petitioner in the amount of $58,000.
Objectants also contend that petitioner, in breach of his fiduciary duty to decedent, engaged in self-dealing when acting as decedent's attorney-in-fact by managing her assets in a way that frustrated her estate plan to his benefit. "[A] power of attorney . . . is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal," and thus "the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing" (Matter of Ferrara, 7 NY3d 244, 254 [2006] [internal quotation marks omitted]; see Blase v Blase, 148 AD3d 1777, 1778-1779 [4th Dept 2017]; Mantella v Mantella, 268 AD2d 852, 852 [3d Dept 2000]; see generally General Obligations Law § 5-1505 [2] [a]). Although the power of attorney gave petitioner authority to "make[ ] gifts and transfers of [decedent's] property, of any kind and in any amount, real or personal, to the agent or others, with or without consideration," petitioner was obligated to exercise that authority "consistent with [decedent's] financial, estate or tax planning techniques and objectives—not to create gift-giving authority generally, and certainly not to supplant a will" (Ferrara, 7 NY3d at 253). Here, we agree with objectants that petitioner exercised his authority as attorney-in-fact to selectively preserve certain assets in which he had a greater interest as a beneficiary at the expense of other assets in which he had a lesser interest as beneficiary, thereby frustrating decedent's estate plan and supplanting her will. In particular, in determining which assets to liquidate, petitioner looked first to those assets in which he had a lesser interest as beneficiary and then transferred portions of those liquidated assets into accounts that he held jointly with decedent. We therefore further modify the order by sustaining objection (g), and we remit the matter to Surrogate's Court to determine an appropriate surcharge.
Contrary to objectants' further contentions, we conclude that the Surrogate did not abuse her discretion in declining to award either attorney's fees or pre-judgment interest on the surcharge (see generally Matter of Janes, 90 NY2d 41, 55 [1997], rearg denied 90 NY2d 885 [1997]; Matter of Manufacturers & Traders Trust Co. [Adams], 72 AD3d 1573, 1574 [4th Dept 2010]), although we note that the Surrogate's prior determination does not foreclose an award of attorney's fees or prejudgment interest upon remittal. Additionally, we conclude that the Surrogate did not abuse her discretion in denying objectants' posthearing motion to reopen the record. "Although a court has discretion to grant leave to reopen a matter to allow additional proof . . . , that discretion should be exercised sparingly" (Matter of Markham v Comstock, 38 AD3d 1262, 1263-1264 [4th Dept 2007]). Here, the motion was not timely made (see id. at 1264), and this is not an instance in which "a party [sought] to reopen and supply defects in evidence which have inadvertently occurred" (Matter of Radisson Community Assn., Inc. v Long, 28 AD3d 88, 91 [4th Dept 2006] [internal quotation marks omitted]).
We have reviewed objectants' remaining contentions and conclude that they are without merit.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court